# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 17, 2005

The Honorable Christopher G. Taylor
Tom Green County Attorney
Justice Center
122 West Harris
San Angelo, Texas 76903

Opinion No. GA-0332

Re: Authority of a commissioners court to assign the duties of collecting criminal fines, costs and fees to a county treasurer's deputies (RQ-0301-GA)

Dear Mr. Taylor:

You request an opinion on the authority of a commissioners court to assign the duties of collecting criminal fines, costs and fees to a county treasurer's deputies.[1]

According to your letter, the Commissioners Court of Tom Green County (the "County") created a collections department, consisting of three deputized and bonded county employees, and placed it under the authority of the county treasurer. Request Letter, *supra* note 1, at 1. The three deputies collect the "criminal fines, fees . . . and other debts"[2] owed to the county, and also act as cashiers. *Id.* at 1-2. Money collected by the deputies is deposited into the county treasury pursuant to article 103.004 of the Code of Criminal Procedure and section 113.022 of the Local Government Code. *Id.* at 2.

You also inform us that a dispute has arisen regarding whether it is appropriate for the county treasurer, through the collections department, to collect these criminal fees and fines. *Id.* The dispute has arisen because article 103.003 of the Code of Criminal Procedure does not expressly list the county treasurer as a county officer that "may collect money under this title." *Id.* You indicate that because the county clerk does not act as cashier and collect the fines or fees, and must rely on the records provided by the collections department, the clerk is concerned about the clerk's duty to provide accurate reports to the commissioners court as required by the Code of Criminal Procedure. *Id.* You indicate that the county clerk is also concerned about potential liability for erroneously

---

[1]*See* Letter from Honorable Christopher G. Taylor, County Attorney, Tom Green County, to Honorable Greg Abbott, Texas Attorney General (Dec. 14, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state .tx.us) [hereinafter Request Letter].

[2]Chapter 102 of the Code of Criminal Procedure establishes various fees and costs payable by criminal defendants. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. arts. 102.002 (witness fees), 102.004 (jury fee), 102.011 (fees for services of peace officers), 102.014(h) (court costs for school crossing guard programs), 102.017 (courthouse security fund), 102.0173 (justice court technology fund) (Vernon Supp. 2004-05).

issuing a *capias pro fine*[3] because of information provided by the collections department. *Id.* Pursuant to these concerns, you inform us the county clerk now "refuses to give consent for these collections or to deputize these employees." *Id.* You thus present two queries:

1. Does Article 103.0031 give the commissioners court the authority to create a collections department under the authority of the county treasurer for the purpose of collecting criminal fines and fees? Can the commissioners court create the collections department under the jurisdiction of the county treasurer without the consent of the county clerk?

2. Who defines the clerk of the court? Can the judge of the County Court at Law designate a deputy of the county treasurer as the clerk of the court for purposes of collecting criminal fines and fees?

*Id.*

Commissioners courts "can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them.'" *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948) (quoting *Mills County v. Lampasas County*, 40 S.W. 403, 404 (Tex. 1897)). When it exercises powers that are expressly conferred upon it, a commissioners court has broad discretion. *See id.* Implied powers of the commissioners court must necessarily flow from some express grant of authority. *See id.; see also* Tex. Att'y Gen. Op. No. GA-0154 (2004) at 3-4. Moreover, where the legislature expressly grants a commissioners court a power and prescribes how that power is to be used, the prescribed method excludes all other methods and must be followed. *See Canales*, 214 S.W.2d at 457.

You first question whether article 103.0031 provides the requisite authority to the Tom Green County Commissioners Court.[4] We therefore limit our discussion to the authority provided by article 103.0031.

---

[3] "A 'capias' is a writ issued by the court or clerk, and directed 'To any peace officer of the State of Texas,' commanding him to arrest a person accused of an offense and bring him before that court immediately, or on a day or at a term stated in the writ." TEX. CODE CRIM. PROC. ANN. art. 23.01 (Vernon 1989). A *capias pro fine* is defined as a "writ for the arrest of a person who had not paid an imposed fine." BLACK'S LAW DICTIONARY 200 (7th ed. 1999).

[4] We note that article 103.003(b) authorizes a "community supervision and corrections department serving a county with a population of 2.8 million or more" to collect criminal fines and fees. TEX. CODE CRIM. PROC. ANN. art. 103.003(b) (Vernon Supp. 2004-05). We also note that article 103.0031(c) authorizes the "governing body of a municipality with a population of more than 1.9 million" to add the collection fee to collection programs run by employees of the municipality. *Id.* art. 103.0031(c). Because the population of Tom Green County is less than the population figures contained in both of these provisions, they do not apply. *See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION: Profile of General Demographic Characteristics: Texas (population of Tom Green County is 104,010), *available at* www.factfinder.census.gov.

Article 103.0031 provides, in pertinent part, that the "commissioners court of a county . . . may enter into a contract with a private attorney or a public or private vendor for the provision of collection services for one or more of [specified] items." TEX. CODE CRIM. PROC. ANN. art. 103.0031(a) (Vernon Supp. 2004-05). The remainder of article 103.0031 provides for particular aspects of any collections contract into which a commissioners court enters. *See id.* art. 103.0031(a)(1) (listing items for which collections contract is authorized), .0031(b) (authorizing 30 percent collection fee), .0031(f) (providing that item more than 60 days past due is subject to collection fee), .0031(g) (limiting county's use of 30 percent collection fee).

We believe the answer to your first question is governed by the plain language of the statute. *See City of San Antonio v. Bullock*, 34 S.W.3d 650, 655 (Tex. App.–San Antonio 2000, pet. denied) ("A fundamental rule of statutory construction is that a court should first ascertain the Legislature's intent in enacting the statute as expressed in its plain language."). A literal reading of the statute will direct the interpretation unless the literal text is unclear or would lead to an absurd result. *See State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000). Article 103.0031 clearly authorizes a commissioners court to enter into a collections contract with a "private attorney" or a "public or private vendor." TEX. CODE CRIM. PROC. ANN. art. 103.0031 (Vernon Supp. 2004-05). A county treasurer clearly is not a private attorney or based on these facts a private vendor. Moreover, article 103.0031 authorizes a commissioners court to enter into a contract for collection services. Creation of a collections department is not entry into a contract. For these reasons, we conclude that article 103.0031 does not provide a commissioners court with express authority to create a collections department under the auspices of the county treasurer. *Cf.* Tex. Att'y Gen. Op. No. JM-1074 (1989) at 4 (concluding that county commissioners court does not have authority to create a payroll department pursuant to section 115.021 of the Local Government Code). Additionally, without express authorization, the authority to create a collections department under the auspices of the county treasurer cannot be implied. *See* Tex. Att'y Gen. Op. No. DM-183 (1992) at 2 (citing *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333 (Tex. 1961)).

There is another limitation on the authority of a commissioners court that is relevant to this question which supports our conclusion. A commissioners court "cannot deprive [a county] officer of the authority, rights and duties which inhere in his office, nor require him to delegate the same to another person . . . ; nor can it displace an officer by authorizing another person to perform duties devolved upon him by statute." Tex. Att'y Gen. Op. No. JM-1074 (1989) at 4 (citing *Aldrich v. Dallas County*, 167 S.W.2d 560, 565 (Tex. Civ. App.–Dallas 1942, writ dism'd)); *cf. Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997) (stating that commissioners court may delegate a function that neither the constitution nor the legislature has exclusively delegated to one officer). You inform us that the three employees of the collections department act as cashiers. Request Letter, *supra* note 1, at 1. We understand you to mean that they physically receive the fine and fee money paid to the County. We believe this practice deprives the county clerk, as clerk of the court, of the ability to discharge the clerk's duties. *See* TEX. CONST. art. V, § 20 (county clerk shall be clerk of county and commissioners court); TEX. GOV'T CODE ANN. § 25.0010(b) (Vernon 2004) (county clerk shall serve as clerk of statutory county court). Title II of the Code of Criminal Procedure and the Government Code mandate that the clerk collect certain criminal fines and fees. *See* TEX. CODE CRIM. PROC. ANN. art. 102.017(d) (Vernon Supp. 2004-05) ("The clerks of the

respective courts *shall* collect the [security fee] and pay them to the county or municipal treasurer . . . ."); TEX. GOV'T CODE ANN. §§ 102.061 (Vernon Supp. 2004-05) ("The clerk of a statutory county court shall collect fees and costs on conviction of a defendant . . . ."); 102.081 ("The clerk of a county court shall collect fees and costs on conviction of a defendant . . . .").

You suggest that a provision of the Local Government Code might nonetheless allow for the collections department to operate as the County has established it. Request Letter, *supra* note 1, at 3. Local Government Code section 113.903(a) provides that "[w]ith the prior consent of the commissioners court and the officer to whom funds are owed, a district, county, or precinct officer authorized by law to receive or collect money . . . that belongs to the county may receive or collect, on behalf of another district, county, or precinct officer, money . . . owed to the county." TEX. LOC. GOV'T CODE ANN. § 113.903(a) (Vernon 1999). While a county treasurer is the county officer authorized to "receive all money belonging to the county," *id.* § 113.003, the court clerk is one of the officers statutorily authorized to collect criminal fines and fees imposed by county courts, and therefore is one of the officers to whom the money is owed.[5] *See* TEX. CODE CRIM. PROC. ANN. art. 102.017(d) (Vernon Supp. 2004-05); TEX. GOV'T CODE ANN. §§ 102.061, .081 (Vernon Supp. 2004-05). However, pursuant to the express language of section 113.903(a), "prior consent of the commissioners court and the officer to whom funds are owed" is required before one officer may collect money on behalf of another. TEX. LOC. GOV'T CODE ANN. § 113.903(a) (Vernon 1999). We believe that this section would allow the deputies in the collections department under the auspices of the county treasurer to collect fines and fees owed to the clerk only if the commissioners court and clerk consented. We understand from your letter that the clerk has not consented. Request Letter, *supra* note 1, at 2. Without the clerk's consent, section 113.903(a) does not operate to allow for the creation of the collections department here.

Similarly, we do not believe that section 113.902 of the Local Government Code authorizes the commissioners court to establish a collections department under the auspices of the county treasurer. Section 113.902(a) provides that the "county treasurer shall direct prosecution for the recovery of any debt owed to the county . . . and shall supervise the collection of the debt." TEX. LOC. GOV'T CODE ANN. § 113.902(a) (Vernon Supp. 2004-05). By its express terms, section 113.902(a) authorizes the treasurer to "direct prosecution for the recovery of any *debt*" and "supervise the collection of the *debt*." *Id.* (emphasis added). This office has previously determined that generally a "fine imposed in a criminal case . . . is not considered . . . 'debt' because a debt is . . . defined as an obligation arising from a contractual agreement." Tex. Att'y Gen. Op. No. JC-0024 (1999) at 3 (citing *Thompson v. State*, 557 S.W.2d 521, 525 (Tex. Crim. App. 1977)); *cf.* TEX. CODE CRIM. PROC. ANN. art. 103.0031(a)(1) (differentiating debt from "accounts receivable such as unpaid fines, fees, court costs"); .0031(f)(1) (differentiating debt from "fine, fee, forfeited bond, or court cost"). Instead, the fine is a penalty owed to the political subdivision for violation of a criminal law. *See Ex parte Chambers*, 898 S.W.2d 257, 267 (Tex. 1995). Because criminal fines

---

[5] 103.003 also authorizes district and county attorneys, sheriffs, constables, and justices of the peace to collect the fines and fees established in chapter 102, Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 103.003 (Vernon Supp. 2004-05). A county treasurer is not included as one authorized to collect the fines and fees. *See id.*

and fees do not constitute debt, we do not believe that the authority given a treasurer in section 113.902 includes the authority to act as a cashier for the collection of criminal fees and fines.

To the extent that your first question asks whether article 103.003(a)[6] authorizes a commissioners court to create a collections department under the auspices of the county treasurer, our conclusion does not change. Article 103.003(a) lists the officers that are authorized to collect fees provided for in title II of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 103.003(a) (Vernon Supp. 2004-05). Those officers are: district and county attorneys, clerks of district and county courts, sheriffs, constables, and justices of the peace. *See id.* The county treasurer is not included as an officer who may collect, i.e., act as cashier for the collection of, title II fines and fees.

Finally, you inquire: "Who defines the clerk of the court? Can the judge of the County Court at Law designate a deputy of the county treasurer as the clerk of the court for purposes of collecting criminal fines and fees?" Request Letter, *supra* note 1, at 2. In connection with your query, you inform us that the Tom Green County Courts at Law are statutory county courts. *Id.* at 3. The Texas Constitution defines the clerk of the county court: "There shall be elected for each county . . . a County Clerk, who shall hold his office for four years, who shall be the clerk of the County and Commissioners Courts . . . ." TEX. CONST. art. V, § 20. Texas statutes also define the clerk of the county court. Section 25.0010(b), Texas Government Code, expressly states that "the county clerk shall serve as clerk of each statutory county court." TEX. GOV'T CODE ANN. § 25.0010(b) (Vernon 2004). The position of court clerk is filled pursuant to the constitution and statute and not by judicial appointment. Accordingly, the judge of the county court is not authorized to appoint the clerk of the county court or statutory court and, therefore, may not appoint a deputy of the county treasurer as the clerk of the court for purposes of collecting criminal fines and fees.[7]

---

[6]Article 103.003(a) states: "District and county attorneys, clerks of district and county courts, sheriffs, constables, and justices of the peace may collect money payable under this title." TEX. CODE CRIM. PROC. ANN. art. 103.003(a) (Vernon Supp. 2004-05).

[7]In addition, the clerk, as a county officer, has sole discretion in appointing deputy clerks. *See* TEX. LOC. GOV'T CODE ANN. § 151.001(a) (Vernon 1999); *Hooten v. Enriquez*, 863 S.W.2d 522, 529 (Tex. App.–El Paso 1993, no writ) ("The commissioners court may either grant or deny the authority to appoint such deputies . . . but it has no power over naming the individuals to be appointed.").

## S U M M A R Y

Article 103.0031 of the Texas Code of Criminal Procedure does not authorize a county commissioners court to establish a collections department under the authority of a county treasurer without the consent of the county clerk.

The county clerk serves as the clerk of a county court or statutory county court pursuant to the Texas Constitution and Texas statutes. A judge of a county court is not authorized to appoint the clerk of the county court or statutory court and, therefore, may not appoint a deputy of the county treasurer as the clerk of the court for purposes of collecting criminal fines and fees.

Very truly yours,

G R E G   A B B O T T
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee