The STATE of Texas, State.

v.

Brandon Lachon WHITE, Appellee.

No. 2–97–009–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 15, 1998.

**376**

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant and Chief of Appellate Section, and Danielle A. LeGault and Karen Lynn, Assistants, Fort Worth, for State.

Don Davidson, Bedford, for appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

CAYCE, Chief Justice.

The State brings this interlocutory appeal pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure[1] contending that the trial court erred in granting Brandon Lachon White's motion to dismiss the habitual offender paragraph from the indictment charging White with a state jail felony. The sole question before this court is whether the punishment for a state jail felony punishable under TEX. PENAL CODE ANN. § 12.35(a) (Vernon 1994), that has been enhanced under TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp.1998), may be further enhanced under TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1998). We hold that it cannot and affirm the trial court's pretrial order quashing the habitual offender paragraph.

White was arrested for possession of cocaine and subsequently indicted on June 13, 1996 for possession of less than one gram of cocaine, a state jail felony punishable under section 12.35(a) of the Texas Penal Code. The indictment also contained an enhancement paragraph under section 12.42(a)(2) of the Texas Penal Code in which it was alleged that White had been previously convicted of two felony offenses; specifically, burglary of a vehicle in 1990 and delivery of cocaine in 1988. Additionally, the indictment contained a habitual offender paragraph under section 12.42(d) of the Texas Penal Code, based on two different and separate felony offenses; namely, burglary of another vehicle in 1990 and felony theft in 1988. After a hearing on White's pretrial motion to dismiss the habitual offender paragraph, the trial court quashed the paragraph.

In its sole point, the State contends that state jail felonies enhanced under section 12.42(a)(2) are subject to further enhancement under the habitual offender provision of section 12.42(d). The premise of the State's argument is that once a state jail felony is enhanced pursuant to section 12.42(a) it is no longer "a state jail felony punishable under Section 12.35(a)," and, therefore, punishment for the felony may be further enhanced under the habitual offender provision of section 12.42(d) because it constitutes "a felony offense other than a state jail felony punishable under Section 12.35(a)." TEX. PENAL CODE ANN. § 12.42(d).

 This is a case of first impression in which we must determine the correct interpretation and application of sections 12.35(a), 12.42(a), and 12.42(d) of the Penal Code. In interpreting these statutes, we must seek to effectuate the collective intent and purpose of the legislature. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). To do so we must focus on the text of the statutes and interpret them in a literal manner attempting to discern the fair, objective meaning of the text. *See id.* It is our duty in interpreting the statutes to give the ordinary and plain meaning to the language used by the legislature. *See id.; Smith v. State,* 789

**1. Art. 44.01. Appeal by State**
 (a) The state is entitled to appeal an order of a court in a criminal case if the order:
 (1) dismisses ... any portion of an indictment....

TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp.1998).

S.W.2d 590, 592 (Tex.Crim.App.1990). Where the statutory language is clear and unambiguous, we must presume that the legislature meant what it expressed in the statute. *See Coit v. State*, 808 S.W.2d 473, 475 (Tex.Crim.App.1991). Only when the plain language of the statute is ambiguous, or literal application of the language would lead to absurd consequences that the legislature could not possibly have intended, are we permitted to consider extratextual factors. *See Boykin*, 818 S.W.2d at 785–86.

■ Penal Code section 12.35(a) reads, in pertinent part, as follows:

### § 12.35. State Jail Felony Punishment

(a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

TEX. PENAL CODE ANN. § 12.35(a). Penal Code section 12.42(a) provides for the enhancement of state jail felonies punishable under section 12.35(a) as follows:

### § 12.42. Penalties for Repeat and Habitual Felony Offenders

(a)(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state felonies, on conviction the defendant shall be punished for a third-degree felony.

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

TEX. PENAL CODE ANN. § 12.42(a)(1), (2). Section 12.42(a)(3), which is not applicable here, mandates enhancement for state jail felonies "punishable under Section 12.35*(c)*." TEX. PENAL CODE ANN. § 12.42(a)(3) (emphasis supplied).

The other statute at issue is the habitual offender provision of section 12.42(d), which states:

(d) If it is shown on the trial of a felony offense *other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (emphasis supplied).

Applying the rules of statutory construction set forth above, we conclude that the quoted language of the three statutes in question are clear and unambiguous, and that the intent of the legislature in enacting the statutes can be determined by giving them their ordinary and plain meaning.

It is clear from the text of all three statutes that there are only two classifications of state jail felonies—those punishable under section 12.35(a) and those punishable under section 12.35(c). *See also State v. Mancuso*, 919 S.W.2d 86, 88 (Tex.Crim.App.1996). Section 12.42(a) provides for the enhancement of both types of state jail felonies. The State does not challenge the enhancement of White's punishment under section 12.42(a)(2), the applicability of which is expressly conditioned on the state jail felony being "punishable under Section 12.35(a)." In fact, the State acknowledges that section 12.42(a)(2) applies to this case. However, the State asserts that the felony in this case is *not* a felony punishable under section 12.35(a), but rather "a felony punishable under [Section] 12.42(a)(2)." The absurdity of this doublespeak and consequent result is lost on the court.

The state jail felony for which White is charged is, without question, "a state jail felony punishable under Section 12.35(a)." As a result, the habitual offender provision of section 12.42(d) is inapplicable on its face because it expressly excludes from its application state jail felonies punishable under section 12.35(a). *See* TEX. PENAL CODE ANN. § 12.42(d) (statute applies to felony offenses

"other than a state jail felony punishable under Section 12.35(a)"). Therefore, presuming, as we are required to do, that the legislature selected and used the language in the statutes in question in a careful and deliberate manner with the intent that they be construed to affect a reasonable result, we hold that the legislature intended to exclude state jail felonies punishable under section 12.35(a), and subject to enhancement under section 12.42(a)(2), from the class of felony offenses that fall under the habitual offender provisions of section 12.42(d). The State's sole point is overruled.

The trial court's order quashing the habitual offender paragraph of White's indictment is affirmed.