RENFRO v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-325-CR

JAMIE RENFRO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jamie Renfro appeals his conviction for unlawful possession of a firearm.  After finding Appellant guilty of the charge, the jury assessed punishment at six years’ confinement. The trial court sentenced Appellant accordingly.  In two points, Appellant contends that the trial court erred in admitting State’s Exhibit No. 6, a bag containing thirteen bullets, and that the evidence is insufficient to support the jury’s guilty verdict.  We affirm. 

FACTUAL BACKGROUND

Officer Jeremy Spann, a patrol officer with the Fort Worth Police Department, testified that on July 22, 2004, at approximately 4:00 a.m., he  was stopped at a traffic light on the service road of Loop 820 and Granbury. He heard gunfire coming from his right and saw a muzzle flash.  From a distance he saw a white convertible with the top and windows down, occupied by two people, a white male and a black male; the white male was in the driver’s seat.  He saw the driver throw what appeared to be a gun under his seat and then continue to drive south on Granbury.  Officer Spann identified Appellant as the driver.

Officer Spann radioed for backup and followed the car.  Appellant stopped the car in front of a residence, and Officer Spann activated his emergency lights, got out of his patrol car, and held the driver and passenger at gunpoint.  After Officer Spann instructed Appellant to remain where he was, Appellant got out of the car and ran.  At the same time, Officer Lonnie Brooks, a police officer employed by the Fort Worth police department, arrived at the scene and began chasing Appellant while Officer Spann continued to hold the passenger at gunpoint. 

Officer Brooks stated that he chased a white male who was running up the street when he arrived at the location.  As Officer Brooks and Officer Seals searched the surrounding area for the suspect, they received a call from a neighbor who saw him running into a house.  The officers approached the front door of the house, and two people came outside and spoke with them.  The owner allowed the officers to search the house, and they found the man they were looking for hiding inside a closet.  Officer Brooks identified Appellant as the person hiding in the closet.  Officer Spann went to that location and identified Appellant as the person he saw firing the gun.  Officer Spann then searched the vehicle and found a gun and ammunition underneath the driver’s seat. 

ADMISSION OF EVIDENCE

In his first point, Appellant contends that the trial court erred by admitting into evidence State’s Exhibit No. 6, a bag containing thirteen bullets, because the State failed to prove the proper chain of custody for its admission. 

We review a trial court’s admission or exclusion of evidence for an abuse of discretion.  
Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh’g); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g). Only if the court’s decision falls outside the “zone of reasonable disagreement,” has it abused its discretion. 
 Rankin
, 974 S.W.2d at 718; 
Montgomery
, 810 S.W.2d at 391.

As a condition precedent to the admission of evidence, the trial court must be satisfied that the evidence offered is what the proponent claims it to be.  
Tex. R. Evid.
 901(a).  Rule 901(b) provides a nonexclusive list of methods for authenticating evidence.  
Tex. R. Evid.
 901(b); 
Angleton v. State
, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  One method of authenticating evidence is through the testimony of a person with knowledge that a matter is what it is claimed to be.  
Tex. R. Evid.
 901(b)(1).  The chain of custody is established if an officer testifies that he seized the item of physical evidence, tagged it, placed an identifying mark on it, placed it in evidence storage, and retrieved the item for trial.  
Lagrone v. State
, 942 S.W.2d 602, 617 (Tex. Crim. App.), 
cert. denied
,522 U.S. 917 (1997).  Without evidence of tampering, most questions concerning care and custody of substance go to weight attached to, and not admissibility of, evidence.  
Id.

Officer Spann testified that he recognized State’s Exhibit No. 6 to be the live rounds in the exact same bag that he found when he searched the vehicle.  During trial, the State elicited the following testimony from Officer Brooks:

Q I’m going to show you what’s been previously marked as State’s Exhibit No. 6.  Can you tell the jury what that is?

A That is live rounds.  Looks like .9 millimeter live rounds. 

Q Are those the rounds that you received from Officer Spann when were [sic] taken out of the defendant’s car?

A Yes, ma’am. 

Q And did you mark those into evidence?

A Yes, ma’am.

Q How did you mark those into evidence and how do you know that these are the same rounds that were found with this report?

A Because we placed ‘em in this envelope and then we sealed it up with tape, and then I marked it with my markings, L.B. 3299, which is my initials and my badge ID number?

Q And when you mark those into property, do you fill out a property sheet?

A Yes ma’am. 

Q Indicating what you had logged into the property room?

A Yes, ma’am.

Q And was that done in this case?

A Yes, ma’am.

Q Does it look like anything has been changed or added to, anything different with these rounds than the night you logged them into evidence?

A No, ma’am.  Looks the same. 

Here, no evidence of tampering was presented to the trial court; thus, Appellant’s complaint goes to the weight, and not the admissibility of the evidence.  
See Lagrone
, 942 S.W.2d at 617.  We hold that the trial court did not abuse its discretion by admitting the evidence.  Accordingly, we overrule Appellant’s first point. 

SUFFICIENCY OF THE EVIDENCE

In his second point, Appellant contends that the evidence is legally and factually insufficient to support his conviction
(footnote: 2) because a state jail felony does not constitute a “felony“ under the meaning of penal code section 46.04 and because the State failed to prove that Appellant was in possession of the firearm that officers found under the driver’s seat of the convertible. 

1. Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

2. Applicable Law

Appellant was charged with unlawful possession of a firearm.  The indictment asserted, in pertinent part, that on July 22, 2004, Appellant did:

INTENTIONALLY OR KNOWINGLY POSSESS A FIREARM AND PRIOR TO SAID POSSESSION [APPELLANT] WAS CONVICTED OF THE FELONY OFFENSE OF BURGLARY OF A BUILDING TO-WIT: ON THE 9TH DAY OF AUGUST, 2002, IN THE CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY, TEXAS UNDER CAUSE NUMBER 0853885W AND SAID POSSESSION WAS WITHIN FIVE YEARS OF THE RELEASE OF [APPELLANT] FROM CONFINEMENT, AFTER [APPELLANT] WAS CONVICTED FOR THE ABOVE FELONY. . . 

Penal code section 46.04 provides that a person who has been convicted of a felony commits an offense if he possesses a firearm after the conviction and before the fifth anniversary of the person’s release from confinement.  
Tex. Penal Code Ann.
 § 46.04 (Vernon Supp. 2005).  

3. Previous Conviction as a Felon

Appellant disputes that he is a felon as required by penal code section 46.04(a)(1) and asserts that this court must determine whether a state jail felony is sufficient to constitute a felony within the meaning of section 46.04 of the penal code.  Appellant argues that because this court previously reasoned that the legislature intended to exclude state jail felonies punishable under penal code section 12.35(a) and subject to enhancement under section 12.42(a)(2) from the class of felony offenses that fall under the habitual offender provision, state jail felonies should be consistently treated with respect to section 46.04.
  
See
 
State v. White
, 959 S.W.2d 375, 377-78 (Tex. App.—Fort Worth, pet. ref’d).  Accordingly, Appellant contends that this court should construe the word “felony” in penal code section 46.04 to not include state jail felonies.  In 
White
, the sole question before this court was whether the punishment for a state jail felony that has been enhanced under penal code section 12.42(a)(2) could further be enhanced under penal code section 12.42(d).  
Id. 
at 376.  The court held that the habitual offender provision of penal code section 12.42(d) was inapplicable because the statute 
expressly
 excludes from its application state jail felonies punishable under penal code section 12.35(a).  
Id.
 at 377; 
see
 
Tex. Penal Code Ann.
 § 12.42(d) (Vernon Supp. 2005) (stating that a conviction may be enhanced “[i]f it is shown on the trial of a felony offense 
other than a state jail felony punishable under Section 12.35(a)
” that the defendant has previously been finally convicted of two felony offenses) (emphasis added).  Accordingly, we decline to extend our holding in 
White
 as Appellant urges.

In 
State v. Mason
, the court of criminal appeals analyzed the legislature’s amendments to section 46.04, concluding that penal code section 46.04 includes all felons within the coverage of the statute.  980 S.W.2d 635, 638-39 (Tex. Crim. App. 1998).  Penal code section 12.04
 classifies a state jail felony as the least serious felony, but nonetheless, a state jail felony is considered a felony.  
Tex. Penal Code Ann.
 § 12.04 (Vernon 2003).  Nothing in the language of the statute suggests that section 46.04 does not apply to a state jail felony.  

The State presented State’s Exhibit No. 1, the docket sheet and judgment from Case No. 0853885, which shows that Appellant was convicted of burglary of a building and sentenced to fifteen months in the state jail division of the Texas Department of Criminal Justice.  Accordingly, we hold that the evidence, when viewed in the light most favorable to the verdict, supports a determination beyond a reasonable doubt that Appellant had previously been convicted of a felony.  Additionally, when viewed neutrally, the evidence is not so obviously weak or so greatly outweighed by contrary proof that it would not support the finding of guilty beyond a reasonable doubt.

4. Possession 

Appellant also asserts that the State failed to prove that he was in possession of the firearm.  He asserts that the evidence does not affirmatively link him to the firearm. 

Possession is defined by the penal code as “actual care, custody, control, or management.”  
Tex. Penal Code Ann.
 § 1.07(a)(39) (Vernon Supp. 2005).  When there is no evidence the appellant was in exclusive control of the place where the firearm was found, the State must offer additional, independent facts and circumstances affirmatively linking him to the firearm.  
Smith v. State
, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, no pet.).  Affirmative links may be proven by direct or circumstantial evidence.  
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  In determining whether sufficient affirmative links exist, we examine factors such as whether the firearm was in plain view, whether the appellant owned the premises where the firearm was found, whether he was in close proximity to the firearm and had ready access to it or whether it was found on him, whether he attempted to flee, whether his conduct indicated a consciousness of guilt, whether he had a special connection to the firearm, whether the firearm was found in an enclosed space, and whether he made incriminating statements.  
Smith
, 176 S.W.3d at 916.  It is the “logical force” of the factors, not the number of factors present, that determines whether the elements of the offense have been established.  
Id.
 

The record reflects that Officer Spann heard gunfire coming from a white convertible with two occupants, one white male and one black male.  The white male was the driver.  Officer Spann saw the muzzle flash from a gun being fired, and he saw that the white male driver had the weapon.  When questioned about whether he saw Appellant firing the gun, he responded affirmatively.  

Officer Spann followed the vehicle to a residence where the vehicle stopped, and he held the two men at gunpoint.  Appellant, who was identified as the white male wearing a red jersey, exited the vehicle and fled on foot.  Officer Brooks arrived at the scene and chased Appellant, while Officer Spann continued to hold the black male passenger at gunpoint.  Officer Brooks and Officer Seals found Appellant, sweating profusely and hiding inside a closet in a house a few blocks away.  Appellant was shirtless at the time he was arrested.  

Appellant relies on Officer Brooks’ testimony to argue that he was the  passenger in the car.  Officer Brooks testified that when he arrived at the scene, Officer Spann “was out of his vehicle and had the driver and passenger at gunpoint, but the passenger had just taken off running as [Officer Brooks] was pulling up.”  Officer Brooks testified that the person who ran was the white male.  He stated that he knew it was the passenger because the subject was outside on the passenger side of the vehicle, and he did not recall whether the driver was inside the vehicle at the time.  He testified that he did not actually see Appellant get out of the car, because Appellant was running at the time that he arrived at the location.  Officer Spann testified that he saw two occupants in the car, a white male and a black male, and the driver was the white male who fled.  

Officer Spann conducted a search of the vehicle and found a gray plastic bag containing ammunition and a handgun beneath the driver’s seat.  He testified that earlier, he saw the driver look at him and put what he thought was a gun down under the seat.  Officer Spann testified that from his position, he could see which person in the car was holding the gun.     

Officer Spann’s testimony was that he heard several shots being fired and he also saw the muzzle flash from another round of shots that were fired.  He said that the white male, who was in the driver’s seat, fired the gun and then placed it under the seat.  This testimony reflects that Appellant had actual care, custody, control, or management of the gun.  The gun was found in the vehicle under the seat where Appellant was sitting.  No testimony was presented to establish the ownership of the vehicle where the firearm was found; however, Officer Spann testified that Appellant was the driver of the vehicle.  The fact that Appellant fled the scene indicates a consciousness of guilt, which may be one of the strongest indicators of guilt.  
See Bigby v. State
, 892 S.W.2d 864, 884 (Tex. Crim. App. 1994) (noting that evidence of flight shows a consciousness of guilt of the crime for which the defendant is on trial), 
cert. denied, 
515 U.S. 1162 (1995); 
Lee v. State
, 866 S.W.2d 298, 302 (Tex. App.—Fort Worth 1993, pet. ref’d) (noting that a consciousness of guilt may be one of the strongest indicators of guilt).  Reviewing the evidence presented, sufficient evidence links Appellant to the firearm. 

Appellant cites 
Spencer v. State
 in support of his position that the evidence is insufficient to prove that he was in possession of a firearm.  
See
 628 S.W.2d 220, 225 (Tex. App.—Corpus Chiristi 1982, pet. ref’d).  In 
Spencer
, the complainant testified at trial that he could not positively identify the defendant as the person who attacked him with a pistol.  
Id. 
at 222.  Additionally, in 
Spencer
, the items found in the defendant’s possession at the time of his arrest were insufficient to link the defendant to the robbery because there was no evidence that the items belonged to the complainant.  
Id.
 at 223-25.  Appellant also cites 
Moore v. State
 in support of his position.  
See
 640 S.W.2d 300, 301 (Tex. Crim. App. 1982).  In 
Moore
, the court determined that the evidence was insufficient to support the appellant’s conviction because there was no identification of the appellant as the robber, and there was no evidence to connect the money found in the appellant’s possession at the time of his arrest as the money taken in the robbery.  
Id.
  Additionally, the complainant’s watch was not found in the appellant’s possession.  
Id.
  
Spencer 
and 
Moore
 are both distinguishable from the present case because here, Officer Spann was able to positively identify Appellant as the person who fired the firearm, and the firearm and live rounds were affirmatively linked to Appellant. 

Accordingly, we conclude that the evidence, when viewed in the light most favorable to the verdict, supports a determination beyond a reasonable doubt that Appellant was in possession of the firearm.  Additionally, when viewed neutrally, the evidence is not so obviously weak or so greatly outweighed by contrary proof that it would not support the finding of guilty beyond a reasonable doubt.  Therefore, we overrule Appellant’s second point. 

CONCLUSION

Having overruled Appellant’s two points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL B: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 25, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2: Appellant’s brief makes a general argument that “the evidence is insufficient to support the guilty verdict.”  In reciting the law, Appellant refers to cases interpreting the legal sufficiency standard of review, but devotes the majority of his briefing to arguing the facts.  Furthermore, at the end of his argument, Appellant states that the finding of guilt is “against the great weight of the evidence,” a factual sufficiency complaint.  Finally, Appellant requests that this court reverse the conviction, but does not specify whether we should reverse and remand or reverse and enter a judgment of acquittal.  In its brief, the State addresses both the legal and factual sufficiency of the evidence.  Construing Appellant’s briefing liberally, as we must, we shall address both the legal and factual sufficiency of the evidence.  
See
 
Tex. R. App. P.
 38.9.