COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-325-CR

 

JAMIE RENFRO                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Jamie Renfro
appeals his conviction for unlawful possession of a firearm.  After finding Appellant guilty of the charge,
the jury assessed punishment at six years= confinement. The trial court sentenced Appellant accordingly.  In two points, Appellant contends that the
trial court erred in admitting State=s Exhibit No. 6, a bag containing thirteen bullets, and that the
evidence is insufficient to support the jury=s guilty verdict.  We affirm. 

 








FACTUAL BACKGROUND

Officer Jeremy Spann, a
patrol officer with the Fort Worth Police Department, testified that on July
22, 2004, at approximately 4:00 a.m., he 
was stopped at a traffic light on the service road of Loop 820 and
Granbury. He heard gunfire coming from his right and saw a muzzle flash.  From a distance he saw a white convertible
with the top and windows down, occupied by two people, a white male and a black
male; the white male was in the driver=s seat.  He saw the driver throw
what appeared to be a gun under his seat and then continue to drive south on
Granbury.  Officer Spann identified
Appellant as the driver.

Officer Spann radioed for
backup and followed the car.  Appellant
stopped the car in front of a residence, and Officer Spann activated his
emergency lights, got out of his patrol car, and held the driver and passenger
at gunpoint.  After Officer Spann
instructed Appellant to remain where he was, Appellant got out of the car and
ran.  At the same time, Officer Lonnie Brooks,
a police officer employed by the Fort Worth police department, arrived at the
scene and began chasing Appellant while Officer Spann continued to hold the
passenger at gunpoint. 








Officer Brooks stated that he
chased a white male who was running up the street when he arrived at the
location.  As Officer Brooks and Officer
Seals searched the surrounding area for the suspect, they received a call from
a neighbor who saw him running into a house. 
The officers approached the front door of the house, and two people came
outside and spoke with them.  The owner
allowed the officers to search the house, and they found the man they were
looking for hiding inside a closet. 
Officer Brooks identified Appellant as the person hiding in the closet.  Officer Spann went to that location and
identified Appellant as the person he saw firing the gun.  Officer Spann then searched the vehicle and
found a gun and ammunition underneath the driver=s seat. 

ADMISSION OF EVIDENCE

In his first point, Appellant
contends that the trial court erred by admitting into evidence State=s Exhibit No. 6, a bag containing thirteen bullets, because the State
failed to prove the proper chain of custody for its admission. 

We review a trial court=s admission or exclusion of evidence for an abuse of discretion.  Rankin v. State, 974 S.W.2d 707, 718
(Tex. Crim. App. 1996) (op. on reh=g); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g). Only if
the court=s decision
falls outside the Azone of
reasonable disagreement,@ has it
abused its discretion.  Rankin,
974 S.W.2d at 718; Montgomery, 810 S.W.2d at 391.








As a condition precedent to
the admission of evidence, the trial court must be satisfied that the evidence
offered is what the proponent claims it to be. 
Tex. R. Evid. 901(a).  Rule 901(b) provides a nonexclusive list of
methods for authenticating evidence.  Tex. R. Evid. 901(b); Angleton v.
State, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998).  One method of authenticating evidence is
through the testimony of a person with knowledge that a matter is what it is
claimed to be.  Tex. R. Evid. 901(b)(1). 
The chain of custody is established if an officer testifies that he
seized the item of physical evidence, tagged it, placed an identifying mark on
it, placed it in evidence storage, and retrieved the item for trial.  Lagrone v. State, 942 S.W.2d 602, 617
(Tex. Crim. App.), cert. denied,522 U.S. 917 (1997).  Without evidence of tampering, most questions
concerning care and custody of substance go to weight attached to, and not
admissibility of, evidence.  Id.

Officer Spann testified that
he recognized State=s Exhibit
No. 6 to be the live rounds in the exact same bag that he found when he
searched the vehicle.  During trial, the
State elicited the following testimony from Officer Brooks:

Q      I=m
going to show you what=s
been previously marked as State=s Exhibit No. 6.  Can you tell the jury what that is?

 

A      That is live rounds. 
Looks like .9 millimeter live rounds. 

 

Q      Are those the rounds that you received from Officer Spann when
were [sic] taken out of the defendant=s car?

 








A      Yes, ma=am. 

 

Q      And did you mark those into evidence?

 

A      Yes, ma=am.

 

Q      How did you mark those into evidence and how do you know that
these are the same rounds that were found with this report?

 

A      Because we placed >em in this envelope and then
we sealed it up with tape, and then I marked it with my markings, L.B. 3299,
which is my initials and my badge ID number?

 

Q      And when you mark those into property, do you fill out a
property sheet?

 

A      Yes ma=am. 

 

Q      Indicating what you had logged into the property room?

 

A      Yes, ma=am.

 

Q      And was that done in this case?

 

A      Yes, ma=am.

 

Q      Does it look like anything has been changed or added to,
anything different with these rounds than the night you logged them into
evidence?

 

A      No, ma=am.  Looks the same.                         








Here, no evidence of
tampering was presented to the trial court; thus, Appellant=s complaint goes to the weight, and not the admissibility of the
evidence.  See Lagrone, 942 S.W.2d
at 617.  We hold that the trial court did
not abuse its discretion by admitting the evidence.  Accordingly, we overrule Appellant=s first point. 

 

 

SUFFICIENCY OF THE EVIDENCE

In his second point,
Appellant contends that the evidence is legally and factually insufficient to
support his conviction[2]
because a state jail felony does not constitute a AfelonyA under the
meaning of penal code section 46.04 and because the State failed to prove that
Appellant was in possession of the firearm that officers found under the driver=s seat of the convertible. 

1. Standards of Review








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 








In performing a factual sufficiency
review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

2. Applicable Law

Appellant was charged with
unlawful possession of a firearm.  The
indictment asserted, in pertinent part, that on July 22, 2004, Appellant did:

INTENTIONALLY OR KNOWINGLY
POSSESS A FIREARM AND PRIOR TO SAID POSSESSION [APPELLANT] WAS CONVICTED OF THE
FELONY OFFENSE OF BURGLARY OF A BUILDING TO-WIT: ON THE 9TH DAY OF AUGUST,
2002, IN THE CRIMINAL DISTRICT COURT NUMBER ONE OF TARRANT COUNTY, TEXAS UNDER
CAUSE NUMBER 0853885W AND SAID POSSESSION WAS WITHIN FIVE YEARS OF THE RELEASE
OF [APPELLANT] FROM CONFINEMENT, AFTER [APPELLANT] WAS CONVICTED FOR THE ABOVE
FELONY. . . 








Penal code section 46.04
provides that a person who has been convicted of a felony commits an offense if
he possesses a firearm after the conviction and before the fifth anniversary of
the person=s release
from confinement.  Tex. Penal Code Ann. ' 46.04 (Vernon Supp. 2005).  

3.
Previous Conviction as a Felon

 








Appellant disputes that he is
a felon as required by penal code section 46.04(a)(1) and asserts that this
court must determine whether a state jail felony is sufficient to constitute a
felony within the meaning of section 46.04 of the penal code.  Appellant argues that because this court
previously reasoned that the legislature intended to exclude state jail
felonies punishable under penal code section 12.35(a) and subject to
enhancement under section 12.42(a)(2) from the class of felony offenses that
fall under the habitual offender provision, state jail felonies should be
consistently treated with respect to section 46.04.  See State v. White, 959 S.W.2d
375, 377-78 (Tex. App.CFort Worth,
pet. ref=d).  Accordingly, Appellant
contends that this court should construe the word Afelony@ in penal
code section 46.04 to not include state jail felonies.  In White, the sole question before
this court was whether the punishment for a state jail felony that has been
enhanced under penal code section 12.42(a)(2) could further be enhanced under
penal code section 12.42(d).  Id. at
376.  The court held that the habitual
offender provision of penal code section 12.42(d) was inapplicable because the
statute expressly excludes from its application state jail felonies
punishable under penal code section 12.35(a). 
Id. at 377; see Tex.
Penal Code Ann. ' 12.42(d)
(Vernon Supp. 2005) (stating that a conviction may be enhanced A[i]f it is shown on the trial of a felony offense other than a
state jail felony punishable under Section 12.35(a)@ that the defendant has previously been finally convicted of two
felony offenses) (emphasis added).  Accordingly,
we decline to extend our holding in White as Appellant urges.

In State v. Mason, the
court of criminal appeals analyzed the legislature=s amendments to section 46.04, concluding that penal code section
46.04 includes all felons within the coverage of the statute.  980 S.W.2d 635, 638-39 (Tex. Crim. App.
1998).  Penal code section 12.04
classifies a state jail felony as the least serious felony, but nonetheless, a
state jail felony is considered a felony. 
Tex. Penal Code Ann. ' 12.04 (Vernon 2003).  Nothing
in the language of the statute suggests that section 46.04 does not apply to a
state jail felony.  








The State presented State=s Exhibit No. 1, the docket sheet and judgment from Case No. 0853885,
which shows that Appellant was convicted of burglary of a building and
sentenced to fifteen months in the state jail division of the Texas Department
of Criminal Justice.  Accordingly, we
hold that the evidence, when viewed in the light most favorable to the verdict,
supports a determination beyond a reasonable doubt that Appellant had
previously been convicted of a felony. 
Additionally, when viewed neutrally, the evidence is not so obviously
weak or so greatly outweighed by contrary proof that it would not support the
finding of guilty beyond a reasonable doubt.

4. Possession 

Appellant also asserts that
the State failed to prove that he was in possession of the firearm.  He asserts that the evidence does not
affirmatively link him to the firearm. 








Possession is defined by the
penal code as Aactual care,
custody, control, or management.@  Tex. Penal Code Ann. ' 1.07(a)(39) (Vernon Supp. 2005). 
When there is no evidence the appellant was in exclusive control of the
place where the firearm was found, the State must offer additional, independent
facts and circumstances affirmatively linking him to the firearm.  Smith v. State, 176 S.W.3d 907, 916
(Tex. App.CDallas 2005,
no pet.).  Affirmative links may be
proven by direct or circumstantial evidence. 
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  In determining whether sufficient affirmative
links exist, we examine factors such as whether the firearm was in plain view,
whether the appellant owned the premises where the firearm was found, whether
he was in close proximity to the firearm and had ready access to it or whether
it was found on him, whether he attempted to flee, whether his conduct
indicated a consciousness of guilt, whether he had a special connection to the
firearm, whether the firearm was found in an enclosed space, and whether he
made incriminating statements.  Smith,
176 S.W.3d at 916.  It is the Alogical force@ of the
factors, not the number of factors present, that determines whether the
elements of the offense have been established. 
Id. 

The record reflects that
Officer Spann heard gunfire coming from a white convertible with two occupants,
one white male and one black male.  The
white male was the driver.  Officer Spann
saw the muzzle flash from a gun being fired, and he saw that the white male
driver had the weapon.  When questioned
about whether he saw Appellant firing the gun, he responded affirmatively.  

Officer Spann followed the
vehicle to a residence where the vehicle stopped, and he held the two men at
gunpoint.  Appellant, who was identified
as the white male wearing a red jersey, exited the vehicle and fled on
foot.  Officer Brooks arrived at the
scene and chased Appellant, while Officer Spann continued to hold the black
male passenger at gunpoint.  Officer
Brooks and Officer Seals found Appellant, sweating profusely and hiding inside
a closet in a house a few blocks away. 
Appellant was shirtless at the time he was arrested.  








Appellant relies on Officer
Brooks= testimony to argue that he was the 
passenger in the car.  Officer
Brooks testified that when he arrived at the scene, Officer Spann Awas out of his vehicle and had the driver and passenger at gunpoint,
but the passenger had just taken off running as [Officer Brooks] was pulling
up.@  Officer Brooks testified that
the person who ran was the white male. 
He stated that he knew it was the passenger because the subject was
outside on the passenger side of the vehicle, and he did not recall whether the
driver was inside the vehicle at the time. 
He testified that he did not actually see Appellant get out of the car,
because Appellant was running at the time that he arrived at the location.  Officer Spann testified that he saw two
occupants in the car, a white male and a black male, and the driver was the
white male who fled.  

Officer Spann conducted a
search of the vehicle and found a gray plastic bag containing ammunition and a
handgun beneath the driver=s seat.  He testified that
earlier, he saw the driver look at him and put what he thought was a gun down
under the seat.  Officer Spann testified
that from his position, he could see which person in the car was holding the
gun.     








Officer Spann=s testimony was that he heard several shots being fired and he also
saw the muzzle flash from another round of shots that were fired.  He said that the white male, who was in the
driver=s seat, fired the gun and then placed it under the seat.  This testimony reflects that Appellant had
actual care, custody, control, or management of the gun.  The gun was found in the vehicle under the
seat where Appellant was sitting.  No
testimony was presented to establish the ownership of the vehicle where the
firearm was found; however, Officer Spann testified that Appellant was the
driver of the vehicle.  The fact that
Appellant fled the scene indicates a consciousness of guilt, which may be one
of the strongest indicators of guilt.  See
Bigby v. State, 892 S.W.2d 864, 884 (Tex. Crim. App. 1994) (noting that
evidence of flight shows a consciousness of guilt of the crime for which the
defendant is on trial), cert. denied, 515 U.S. 1162 (1995); Lee v.
State, 866 S.W.2d 298, 302 (Tex. App.CFort Worth 1993, pet. ref=d) (noting that a consciousness of guilt may be one of the strongest
indicators of guilt).  Reviewing the
evidence presented, sufficient evidence links Appellant to the firearm. 








Appellant cites Spencer v.
State in support of his position that the evidence is insufficient to prove
that he was in possession of a firearm.  See
628 S.W.2d 220, 225 (Tex. App.CCorpus Chiristi 1982, pet. ref=d).  In Spencer, the
complainant testified at trial that he could not positively identify the
defendant as the person who attacked him with a pistol.  Id. at 222.  Additionally, in Spencer, the items
found in the defendant=s possession
at the time of his arrest were insufficient to link the defendant to the
robbery because there was no evidence that the items belonged to the
complainant.  Id. at 223-25.  Appellant also cites Moore v. State in
support of his position.  See 640
S.W.2d 300, 301 (Tex. Crim. App. 1982). 
In Moore, the court determined that the evidence was insufficient
to support the appellant=s conviction
because there was no identification of the appellant as the robber, and there
was no evidence to connect the money found in the appellant=s possession at the time of his arrest as the money taken in the
robbery.  Id.  Additionally, the complainant=s watch was not found in the appellant=s possession.  Id.  Spencer and Moore are both
distinguishable from the present case because here, Officer Spann was able to
positively identify Appellant as the person who fired the firearm, and the
firearm and live rounds were affirmatively linked to Appellant. 

Accordingly, we conclude that
the evidence, when viewed in the light most favorable to the verdict, supports
a determination beyond a reasonable doubt that Appellant was in possession of
the firearm.  Additionally, when viewed
neutrally, the evidence is not so obviously weak or so greatly outweighed by
contrary proof that it would not support the finding of guilty beyond a
reasonable doubt.  Therefore, we overrule
Appellant=s second
point. 

CONCLUSION

Having overruled Appellant=s two points, we affirm the trial court=s judgment. 

 

PER CURIAM

 

PANEL
B: HOLMAN, DAUPHINOT, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)








DELIVERED:
May 25, 2006











[1]See Tex. R. App. P. 47.4.





[2]
Appellant=s
brief makes a general argument that Athe evidence is insufficient
to support the guilty verdict.@  In reciting the law, Appellant refers to
cases interpreting the legal sufficiency standard of review, but devotes the
majority of his briefing to arguing the facts. 
Furthermore, at the end of his argument, Appellant states that the
finding of guilt is Aagainst
the great weight of the evidence,@ a factual sufficiency
complaint.  Finally, Appellant requests
that this court reverse the conviction, but does not specify whether we should
reverse and remand or reverse and enter a judgment of acquittal.  In its brief, the State addresses both the
legal and factual sufficiency of the evidence. 
Construing Appellant=s briefing liberally, as we
must, we shall address both the legal and factual sufficiency of the
evidence.  See Tex. R. App. P. 38.9.