

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00026-CR

REGINALD REECE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 21F0725-005

Before Stevens, C.J., van Cleef and Rambin, JJ.
Opinion by Justice van Cleef

O P I N I O N

A Bowie County jury convicted Reginald Reece of theft of property valued at $2,500.00 or more, but less than $30,000.00, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A). Pursuant to the State's enhancement allegations, the trial court sentenced Reece to forty-five years' imprisonment. On appeal, we sustain Reece's point of error complaining of an illegal sentence.[1]

## I. Statutory Construction Leads to the Result that Reece's Sentence is Illegal

This case involves statutory construction of punishment enhancement statutes found in Chapter 12 of the Texas Penal Code. The question is whether Reece's sentence is illegal under the proper application of the rules of statutory construction. We conclude that it is.

### A. Factual Background

Reece stole property from an Atwoods Ranch & Home Goods store during the COVID-19 pandemic. Because of the value of property stolen, Reece's theft offense is a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A). The State's indictment alleged that the offense was committed in a disaster area, which increased the punishment to "the punishment prescribed for the next higher category of offense," i.e., the range applicable to a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.50(a), (b)(8) (Supp.). The indictment also alleged that Reece was previously convicted of aggravated assault and third-degree-felony possession of a controlled

---

[1]Reece's first appellate counsel claimed that there were no meritorious issues on appeal and, as a result, filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). Because our independent review revealed an arguable ground for appeal, we granted counsel's motion to withdraw and abated the case for the appointment of new appellate counsel, who filed a new appellate brief raising meritorious issues on appeal.

substance. The dispute in this case revolves around how those prior convictions were used against Reece.

The typical mechanism used to enhance state jail felonies due to prior convictions is found in Section 12.425, titled "Penalties for Repeat and Habitual Felony Offenders on Trial for State Jail Felony." *See* TEX. PENAL CODE ANN. § 12.425. The State did not use that section. Instead, the State argued that, because Section 12.50's disaster area punishment enhancement applied, it could rely on Section 12.42, titled "Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony." *See* TEX. PENAL CODE ANN. § 12.42. Consequently, the State argued that Reece's prior convictions increased his range of punishment under Section 12.42(d), which has a minimum term of confinement of twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d).

Based on the State's position, the trial court submitted a jury charge instructing the jury that the applicable range of punishment, if it found the State's enhancements true, was "confinement in the Texas Department of Criminal Justice for life or for any term of not more than ninety-nine (99) years or less than twenty-five (25) years." Due to the State's theory and the trial court's instruction, the jury assessed a sentence of forty-five years' imprisonment. We determine that a proper reading of Sections 12.35, 12.42, 12.425, and 12.50 disallows such a steep sentence for Reece's state jail theft offense.

**B.      Standard of Review and the Rules of Statutory Construction**

"Statutory interpretation is a question of law, which we review de novo." *State v. Kahookele*, 640 S.W.3d 221, 225 (Tex. Crim. App. 2021) (citing *Tapps v. State*, 294 S.W.3d

175, 177 (Tex. Crim. App. 2009)). "When we interpret statutes, we focus on the literal text and attempt to discern its fair, objective meaning." *Id.* (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). "We give effect to the plain meaning of the statutory text, reading it in context and construing it according to the rules of grammar and common usage." *Id.* (citing *Boykin*, 818 S.W.2d at 785; *Tapps*, 294 S.W.3d at 177). "We assume that every word has been used for a purpose, and we give effect to each word, phrase, clause, and sentence if reasonably possible." *Id.* (citing *Tapps*, 294 S.W.3d at 177). "Generally, a statute's 'expression of one thing implies the exclusion of other, unexpressed things.'" *Id.* (quoting *Chambers v. State*, 580 S.W.3d 149, 156 (Tex. Crim. App. 2019)).

"We look not only at the statute but also other provisions within the whole statutory scheme." *Id.* "When two statutes are *in pari materia*—that is, dealing with the same general subject or having the same general purpose—we try to harmonize any conflict between them, giving effect to each statute and allowing them to stand together." *Id.* (citing *Azeez v. State*, 248 S.W.3d 182, 191–92 (Tex. Crim. App. 2008)). "If a general provision conflicts with a special provision, we construe the provisions so that effect is given to both if possible." *Id.* (citing TEX. GOV'T CODE ANN. § 311.026(a)). "Titles or section headings do not limit or expand the meaning of a statute." *Id.* (citing TEX. GOV'T CODE ANN. § 311.024). "They are of use only when they shed light on an ambiguous word or phrase." *Id.* (citing *Bhd. of R.R. Trainmen v. Balt. & Ohio R.R.*, 331 U.S. 519, 528–29 (1947)).

"A statute is unambiguous when it reasonably permits only one understanding." *Id.* (citing *State v. Schunior*, 506 S.W.3d 29, 35 (Tex. Crim. App. 2016)). "We will not add to or

4

subtract from such a statute." *Id.* (citing *Boykin*, 818 S.W.2d at 785). "But if the language is ambiguous or the plain language would lead to absurd consequences that the Legislature could not possibly have intended, out of necessity we may consider extratextual factors such as legislative history." *Id.* (citing *Boykin*, 818 S.W.2d at 785–86).

**C.      The Statutory Scheme**

Our statutory analysis is first guided by the literal text of the statutory scheme. We begin with Section 12.35, which sets forth the initial punishment for state jail felonies. In relevant part, this Section states,

> (a)      Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.
>
> . . . .
>
> (c)      An individual adjudged guilty of a state jail felony shall be punished for a third[-]degree felony if it is shown on the trial of the offense that:
>
>> (1)      a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or
>>
>> (2)      the individual has previously been finally convicted of any felony:
>>
>>> (A)      under Section 20A.03 or 21.02 or listed in Article 42A.054(a), Code of Criminal Procedure; or
>>>
>>> (B)      for which the judgment contains an affirmative finding under Article 42A.054(c) or (d), Code of Criminal Procedure.

TEX. PENAL CODE ANN. § 12.35(a), (c).

5

As seen by its plain language, Section 12.35 creates a two-tiered system. The first tier, found in Section 12.35(a), is regular state-jail-felony punishment. The second tier, found in Section 12.35(c), creates a category known as "aggravated" state jail felonies, which increases the initial range of punishment if a person (1) used or exhibited a deadly weapon during the offense or (2) had previously been convicted of either (a) more serious crimes or (b) crimes containing an affirmative deadly weapon finding. *See* TEX. PENAL CODE ANN. §§ 12.35(c), 20A.03, § 21.02 (Supp.); TEX. CODE CRIM. PROC. ANN. art. 42A.054(a), (c), (d) (Supp.). The distinction between regular and aggravated state jail felonies affects how they can be enhanced for punishment.

Regular state jail felonies can be enhanced by Section 12.425(a) and (b), which state,

(a)      If it is shown on the trial of a state jail *felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two state jail felonies punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the third degree.

(b)      If it is shown on the trial of a state jail *felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425(a), (b) (emphasis added).

Aggravated felonies can be enhanced by Section 12.425(c), which states,

(c)      If it is shown on the trial of a state jail felony *for which punishment may be enhanced under Section 12.35(c)* that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree.

6

TEX. PENAL CODE ANN. § 12.425(c) (emphasis added).  Section 12.42 excludes state jail felonies in its title.  Even so, "[t]itles or section headings do not limit . . . the meaning of a statute," and the substance of Section 12.42(d) shows that it applies to aggravated state jail felonies but excludes regular state jail felonies.  *Kahookele*, 640 S.W.3d at 225, 227 (Section "12.42(d) by implication speaks to the enhancement of SJFs, but only aggravated ones.").  Section 12.42(d) states, in relevant part,

> [I]f it is shown on the trial of a felony offense *other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (emphasis added).

The relevant part of the final section in play here, Section 12.50, states,

(a)     Subject to Subsection (c), the punishment for an offense described by Subsection (b) is increased to the punishment prescribed for the next higher category of offense if it is shown on the trial of the offense that the offense was committed in an area that was, at the time of the offense:

> (1)     subject to a declaration of a state of disaster made by:
>
> . . . .
>
> (B)     the governor under Section 418.014, Government Code.
>
> . . . .

(b)     The increase in punishment authorized by this section applies only to an offense under:

. . . .

(8)     Section 31.03.

TEX. PENAL CODE ANN. § 12.50(a)–(b) (Supp.).

**D.     The State's Argument Based on the Statutory Scheme is Flawed**

In response to Reece's brief, the State made the following argument:

Here, the State charged Appellant with Theft with Priors under Section 31.03 + the Disaster Area enhancement under Section 12.50 to make the offense a third-degree felony, which is eligible for enhancement under Section 12.42(d).  Then, the State filed a notice of enhancement under Section 12.42(d), which increased the punishment range from 25 years to LIFE.  No caselaw has analyzed this particular habitual offender enhancement scheme with the disaster area enhancement.

The State's theory is flawed for two main reasons.

First, Section 12.50 does not "make the offense a third-degree felony."  Section 12.50 simply "increase[s] . . . the punishment prescribed [to] the next higher category."[2]  TEX. PENAL CODE ANN. § 12.50 (Supp.).  While Section 12.50 could be used to elevate Reece's punishment range, it did not change the degree of the underlying offense.  *See id.*; *Ford v. State*, 334 S.W.3d 230, 234–35 (Tex. Crim. App. 2011); *Bledsoe v. State*, 480 S.W.3d 638, 642 n.11 (Tex. App.—Texarkana 2015, pet. ref'd).

Second, to the extent the State argues that Section 12.50 made Reece's felony an aggravated felony, the statutes do not support that conclusion.  There are only two tiers of state

---

[2]The State argues that "the Legislature intended for this enhancement to [be] treated as a new offense—or at least like Article 12.35(c)."  Had the Legislature so intended, it would have expressly done so instead of specifying that Section 12.50 only increased punishment.

jail felonies. *See* TEX. PENAL CODE ANN. § 12.35. "Except as provided by Subsection (c)," state jail felonies are classified in the regular category. TEX. PENAL CODE ANN. § 12.35(a). Because "a statute's 'expression of one thing implies the exclusion of other, unexpressed things'" and Section 12.35(a) expressly refers *only* to Subsection (c), it cannot be meant to read, "Except as provided by Subsection (c) or any other statute." *Kahookele*, 640 S.W.3d at 225 (quoting *Chambers*, 580 S.W.3d at 156).

This concept is best illustrated by the Texas Court of Criminal Appeals' opinion in *State v. Webb*, 12 S.W.3d 808 (Tex. Crim. App. 2000). "Webb was convicted on two counts of possession of a controlled substance[—both] non-aggravated state jail felon[ies.]" *Id.* at 809. The State's first enhancement paragraph alleged two sequential prior felonies under former Texas Penal Code language stating, "If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies . . . on conviction the defendant shall be punished for a second-degree felony." *Id.* at 809, 810. The State's second enhancement paragraph alleged two other sequential prior felonies. *Id.* at 809.

The State's argument in *Webb*, similar to the argument made here, suggested that, because the first enhancement paragraph increased Webb's punishment to the second-degree range, under Section 12.42(d), Webb's "punishment could be further enhanced to a term between twenty-five and ninety-nine years." *Id.* After reviewing Section 12.35, the Texas Court of Criminal Appeals disagreed, noting that Section 12.42(d) begins with the words "[i]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a)."

*Id.* at 810; *see* TEX. PENAL CODE ANN. § 12.42(d). The Texas Court of Criminal Appeals found that, "[r]egardless of the [first] enhancement [paragraph], appellee was tried for a state jail felony punishable under § 12.35(a); that his punishment, as opposed to the offense itself, was then subject to enhancement d[id] not change that fact."[3] *Webb*, 12 S.W.3d at 811; *see State v. White*, 959 S.W.2d 375, 377–78 (Tex. App.—Fort Worth 1998, pet. ref'd). Therefore, Section 12.42(d) did not apply, and Webb's punishment could not be enhanced beyond a second-degree felony. *See Webb*, 12 S.W.3d at 811.

**E.     Because Section 12.42 Did Not Apply, Reece Received an Illegal Sentence**

The reasoning in *Webb* applies equally here. Section 12.42(d) applies only to "the trial of a felony offense other than a state jail felony punishable under Section 12.35(a)." TEX. PENAL CODE ANN. § 12.42(d). Reece's theft offense was classified as a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(a). Neither aggravated assault nor possession of a controlled substance is listed among the more serious crimes contemplated by Section 12.35(c), and the judgments of conviction for Reece's prior offenses did not contain deadly weapon findings. As a result, Reece's theft offense was a regular state jail felony under Section 12.35(a), not an aggravated state jail felony under Section 12.35(c). As explained by *Webb*, while Section 12.50 enhanced Reece's punishment range to that of a third-degree felony, he remained on trial for a

---

[3]The State argues that *Samaripas v. State*, 454 S.W.3d 1 (Tex. Crim. App. 2014), is instructive. We disagree. *Samaripas* did not appeal a conviction from a state jail felony. Instead, that case involved the question of whether a prior state jail felony could be used to enhance Samaripas's offense for organized criminal activity under since-amended language stating, "A previous conviction for a state jail felony *punished* under Section 12.35(a) may not be used for enhancement purposes." *Id.* at 1–2, 7. Because the applicable statutory language "at the time of [Samaripas]'s offense . . . focused on how the previous state-jail felony was actually punished" and Samaripas had received an enhanced sentence for his prior state-jail-felony offense, the Texas Court of Criminal Appeals determined that the prior offense "was properly used for enhancement purposes." *Id.* at 8. Neither the issue nor the statutory language in *Samaripas* is before us today.

regular state jail felony punishable under Section 12.35(a).  *Webb*, 12 S.W.3d at 811.  As a result, Section 12.42(d) did not apply to Reece.  *See* TEX. PENAL CODE ANN. § 12.42(d); *Kahookele*, 604 S.W.3d at 227.

The statute applicable to Reece was Section 12.425(b) and, under that section, Reece's prior convictions increased his punishment range to that of a second-degree felony.  *See* TEX. PENAL CODE ANN. § 12.425(b).  The maximum punishment for a second-degree felony is a term of imprisonment for not more than twenty years and a fine not to exceed $10,000.00.  TEX. PENAL CODE ANN. § 12.33.  Because Reece received a forty-five-year sentence of imprisonment, he was given an illegal sentence.  Accordingly, we sustain Reece's point of error complaining of an illegal sentence, which is dispositive of this appeal.

## II.     Conclusion

We affirm Reece's conviction, reverse the trial court's judgment because it contains an illegal sentence, and remand this case to the trial court for a new punishment trial.


                                          Charles van Cleef
                                          Justice


Date Submitted:     April 18, 2023
Date Decided:       April 27, 2023

Publish