The STATE of Texas,

v.

Harvey Lee WEBB, Appellee.

No. 1901–98.

Court of Criminal Appeals of Texas, En Banc.

March 1, 2000.

2. 990 S.W.2d at 341.

3. 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

4. *Id.* at 396, 101 S.Ct. 677.

5. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992).

David McCown, Fort Worth, for appellant.

Charles M. Mallin, Asst. DA, Fort Worth, Matthew Paul, State's Atty., Austin, for the State.

### OPINION

JOHNSON, J., delivered the opinion of the Court, in which McCORMICK, P.J., and MEYERS, MANSFIELD, PRICE, HOLLAND, WOMACK, and KEASLER, J.J., joined.

Appellee Harvey Lee Webb was convicted on two counts of possession of a controlled substance, a non-aggravated state jail felony. *See* TEX. HEALTH & SAFETY CODE § 481.115(b); TEX. PEN.CODE § 12.35(a). The indictment contained two enhancement paragraphs. The first alleged two sequential prior felonies, which would increase the punishment range to that of a second-degree felony. *See* TEX. PENAL CODE § 12.42(a)(2). The second enhancement paragraph alleged two additional sequential prior felonies. The state argued that under TEX. PEN.CODE § 12.42(d) (Vernon Supp.1999), known as the "habitual felony offender" statute,[1] the punishment could be further enhanced to a term between twenty-five and ninety-nine years. The trial court found the priors listed in the enhancement paragraphs to be true. However, it ruled that while the primary state jail felony could be properly enhanced under § 12.42(a)(2), it could not be further enhanced under § 12.42(d). Pursuant to § 12.42(a)(2), the court assessed punishment at twenty years confinement.

In an unpublished opinion, a three-judge panel of the Fort Worth Court of Appeals initially affirmed the trial court's judgment. *State v. Webb*, Nos. 2–97–617–CR & 2–97–737–CR (Tex.App.—Fort Worth July 30, 1998) (not designated for publication). The state's motion for rehearing *en banc* was subsequently granted, and the July 30, 1998 opinion was withdrawn. On November 5, 1998, the Court of Appeals, sitting *en banc*, unanimously affirmed the judgment of the trial court, this time in a published opinion. *State v. Webb*, 980 S.W.2d 924 (Tex.App.—Fort Worth 1998). In affirming the trial court on the issue of enhancement, the court relied on one of its prior opinions, *State v. White*, 959 S.W.2d 375 (Tex.App.—Fort Worth 1998, pet. ref'd). In *White*, 959 S.W.2d at 378, the court held that the legislature had intended to exclude state jail felonies punishable under § 12.35(a) and subject to enhancement under § 12.42(a)(2), from the class of

---

1. *See Phillips v. State,* 992 S.W.2d 491, 493 (Tex.Crim.App.1999).

felony offenses that fall under § 12.42(d). Based on *White*, the court of appeals held that in the instant case, the trial court correctly determined that appellee's enhanced state jail felony conviction was not subject to further enhancement. *Webb*, 980 S.W.2d at 927–928.

We granted the state's petition for discretionary review to determine whether a state jail felony conviction, enhanced to the punishment range for second-degree felonies under Tex. Pen.Code § 12.42(a)(2), may be further enhanced to the punishment range of twenty-five to ninety-nine years under § 12.42(d). We will affirm.

### ANALYSIS

Section 12.35, titled "State Jail Felony Punishment," provides:

(a) Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

(1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

(A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

Section 12.42, titled "Penalties for Repeat and Habitual Felony Offenders," provides in relevant part:

(a)(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony.

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

(3) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

(b) If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony.

\* \* \* \*

(d) If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any

term of not more than 99 years or less than 25 years.

* * * *

■ Under our approach to statutory interpretation, we look to the literal text of the statute for its meaning, and we ordinarily give effect to that plain meaning, unless application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, or if the plain language is ambiguous. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

■ The state contends that the phrase "punishable under," as used throughout § 12.42, refers to the specific provision providing the range of punishment under which the defendant's sentence is assessed. That is, although appellee was tried and convicted of a state jail felony "punishable under § 12.35(a)," once his conviction was enhanced pursuant to § 12.42(a)(2), it was no longer "punishable under § 12.35(a)," but was instead "punishable under § 12.42(a)(2)." As such, the state asserts that § 12.42(d) allows for further enhancement, with the requisite felony offenses.

■ However, this interpretation isolates the words "punishable under" from their context and fails to differentiate between an enhanced offense and an enhanced punishment.[2] Section 12.42(d) refers specifically to *the trial of a felony offense other than a state jail felony* punishable under Section 12.35(a)." (Emphasis added.) Thus, the enhancement is applied with reference *to the offense tried.* In the instant case, appellee was tried for a non-aggravated state jail felony, i.e., a state jail felony punishable under § 12.35(a). Following his conviction, his punishment was then enhanced, pursuant

to § 12.42(a)(2), to the equivalent of a second degree felony. Regardless of the enhancement, appellee was tried for a state jail felony punishable under § 12.35(a); that his punishment, as opposed to the offense itself, was then subject to enhancement does not change that fact. As such, § 12.42(d) is not applicable to appellee.

This interpretation is consistent with the statutory scheme set up by the legislature. Both §§ 12.42(a)(3) and 12.42(d) allow for enhanced punishment of an aggravated state jail felony (i.e., a § 12.35(c) state jail felony), which is itself an enhancement of a state jail felony (i.e., a § 12.35(a) state jail felony). Thus the legislature has explicitly provided for certain forms of "multiple enhancements" of state jail felonies (i.e., enhancement of both offense and punishment), and the type that the state argues for in the instant case is not among them. Further, if the legislature had intended that a non-aggravated state jail felony be eligible for enhancement under § 12.42(d) as well as § 12.42(a)(2), it is likely that it would have clearly said so, as it did with aggravated state jail felonies.

The level of specificity set out in these statutes suggests that the "multiple enhancement" that the state asserts is not authorized. For example, § 12.35(c) states that under certain circumstances, "[a]n individual adjudged guilty of a state jail felony shall be punished for a third degree felony." Section 12.42(a)(3) states that "[i]f it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony." Notably, this latter section refers to both a true third-degree felony and one that is a state jail felony, but with a punishment the

---

**2.** For example, for an offense of driving while intoxicated for the third time, the offense itself is enhanced from a misdemeanor to a felony. *See* Tex. Pen.Code §§ 49.04 & 49.09(b)(if two priors shown, "the offense is a felony of the third degree"). The punishment for the enhanced offense of felony DWI may

then be enhanced under either Tex. Pen.Code § 12.42(a)(3) or (d), in which the sentencing range is increased, not by saying that the offense "is" a higher offense, but by the words "shall be punished for" a higher offense.

equivalent of a third-degree felony under § 12.35. Again, this level of specificity indicates that, had the legislature meant to provide "multiple enhancement" of a non-aggravated state jail felony to "habitual offender" punishment, it would have explicitly stated so.

Finally, we note that this interpretation does not lead to an absurd result that the legislature could not have intended. There is nothing absurd in providing that non-state-jail felonies and aggravated state jail felonies, but not unaggravated state jail felonies, be eligible for enhancement of punishment to "habitual offender" status, regardless of the number of prior felony convictions. *See* TEX. PEN.CODE § 12.04 (classifying state jail felonies below all non-state jail felonies, in terms of "relative seriousness").

The state's ground for review is overruled, and the judgment of the Court of Appeals is affirmed.

KELLER, J., filed a concurring opinion.

KELLER, J. delivered a concurring opinion.

I disagree with the Court's conclusion that the habitual enhancement statute is unambiguous. Nevertheless, the statutory language, while ambiguous, does appear to favor appellee's position. Because there are no extratextual factors clearly calling for a contrary interpretation, I agree with the Court that double enhancement under 12.42(d) is not permissible.[1]

Texas Penal Code § 12.42 provides in relevant part:

(a)(1) If it is shown *on the trial of a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two

state jail felonies, on conviction the defendant shall be punished for a third-degree felony.

(2) If it is shown *on the trial of a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second degree felony.

. . . .

(d) If it is shown *on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished for imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

The State's contention that an offense that can be enhanced under § 12.42(a)(1) or (2) is no longer "punishable under § 12.35(a)"—and so can be enhanced under both § 12.42(a) and § 12.42(d)—is a possible interpretation of the statutory language but is not the most reasonable or likely interpretation. All relevant enhancement provisions in § 12.42 refer to the "trial of" a felony offense that is punishable or not punishable under § 12.35(a). There is some incongruity in saying that a proceeding is the trial of a § 12.35(a) offense for some purposes but not for other purposes, especially when the provisions

---

**1.** The Legislature has given some guidance as to the factors we may examine in construing the statute. We may consider, among other matters, the (1) object sought to be attained, (2) circumstances under which the statute was enacted, (3) legislative history, (4) common law or former statutory provisions, including laws on the same or similar subjects,

(5) consequences of a particular construction, (6) administrative construction of the statute; and (7) title (caption), preamble, and emergency provision. Tex.Gov't.Code, § 311.023; *Brown v. State*, 943 S.W.2d 35, 38 (Tex.Crim. App.1997). An examination of the above factors in the present case fails to yield any indication of the Legislature's intent.

involved operate at the same stage of trial and are found within the same statutory section. There is no indication in the statutory language that the Legislature intended to authorize the stacking of enhancements under § 12.42; rather, the language and structure of the statute suggests that the subsections are alternative enhancement provisions. The Legislature could have made clear a contrary intent with the addition of a single word to § 12.42(d), as follows:

> If it is shown on the trial of a felony offense other than a state jail felony punishable *only* under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses....

(Italicized language inserted). The addition of the word "only" to the statute would have made clear that other enhancements to a § 12.35(a) offense would have made the offense eligible under § 12.42(d).

With these comments, I join the Court's opinion insofar as it holds that a state jail felony enhanced under § 12.42(a)(2) cannot be enhanced again under § 12.42(d).