

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

December 27, 2001

Mr. Jim Nelson
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. JC-0446

Re: Whether a school district is required to expel a student who commits certain alcohol-and drug-related felonies within 300 feet of school property (RQ-0415-JC)

Dear Commissioner Nelson:

You have requested our opinion as to whether a school district is required to expel a student who commits certain felonies within 300 feet of school property. For the reasons set forth below, we conclude that a school district is not required to do so. Section 37.006(a) of the Texas Education Code provides, in relevant part:

(a) Except as provided by Section 37.007(a)(3) or (b), a student shall be removed from class and placed in an alternative education program as provided by Section 37.008 if the student:

. . . .

(2) commits the following on or within 300 feet of school property, as measured from any point on the school's real property boundary line, or while attending a school-sponsored or school-related activity on or off of school property;

(A) engages in conduct punishable as a felony;

(B) engages in conduct that contains the elements of the offense of assault under Section 22.01(a)(1), Penal Code;

(C) sells, gives, or delivers to another person or possesses or uses or is under the influence of:

(i) marihuana or a controlled substance, as defined by Chapter 481, Health and Safety Code, or by 21 U.S.C. Section 801 et seq.; or

(ii) a dangerous drug, as defined by Chapter 483, Health and Safety Code;

(D) sells, gives, or delivers to another person an alcoholic beverage, as defined by Section 1.04, Alcoholic Beverage Code, commits a serious act or offense while under the influence of alcohol, or possesses, uses, or is under the influence of an alcoholic beverage;

(E) engages in conduct that contains the elements of an offense relating to abusable glue or aerosol paint under Sections 485.031 through 485.035, Health and Safety Code, or relating to volatile chemicals under Chapter 484, Health and Safety Code; or

(F) engages in conduct that contains the elements of the offense of public lewdness under Section 21.07, Penal Code, or indecent exposure under Section 21.08, Penal Code.

TEX. EDUC. CODE ANN. § 37.006(a) (Vernon Supp. 2002). Under this provision, a student who, within 300 feet of the school property boundary line, commits any of the offenses listed in subparts (A) through (F), *must* be placed in an alternative education program. The provision is subject to an exception, which is the basis of your question, *i.e.*, the effect of section 37.007(a)(3).[1] Section 37.007(a) of the Education Code provides, in relevant part:

(a) A student shall be expelled from a school if the student, on school property or while attending a school-sponsored or school-related activity on or off of school property:

. . . .

(3) engages in *conduct* specified by Section 37.006(a)(2)(C) or (D), if the conduct is punishable as a felony.

*Id.* § 37.007(a) (emphasis added).

Section 37.007, unlike section 37.006, requires *expulsion* from school rather than placement in an alternative education program. The issue you raise concerns the meaning of subdivision (3) of subsection 37.007(a). On the one hand, it is part of section 37.007(a), which limits expulsion to acts committed "on school property or while attending a school-sponsored or school-related activity on or off of school property." On the other hand, it references subparts 37.006(a)(2)(C) and (D), which are part of subdivision (2) of subsection 37.006(a). Subdivision 37.006(a)(2) is of wider geographical scope than subsection 37.007(a), in that it applies not only to acts committed "on . . .

---

[1]You do not ask about subsection 37.007(b), which relates to permissive rather than mandatory expulsion.

school property . . . or while attending a school-sponsored or school-related activity on or off of school property," but also encompasses acts committed "within 300 feet of school property, as measured from any point on the school's real property boundary line." Your question is therefore whether a school district is required to expel a student whose conduct: (1) constitutes a felony; (2) would require removal under subparts 37.006(a)(2)(C) or (D); (3) *does not* occur on school property or while attending a school-sponsored or school-related activity on or off of school property; and (4) *does* occur within 300 feet of school property as defined in subdivision 37.006(a)(2).

In our opinion, the answer is governed by the plain language of the statute. The Code Construction Act provides that words "shall be given their ordinary meaning." TEX. GOV'T CODE ANN. § 312.002 (Vernon 1998). A literal reading of a statute will be used as the standard for interpretation unless the literal text is unclear or would lead to an absurd result. *See State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000); *City of San Antonio v. Bullock*, 34 S.W.3d 650, 655 (Tex. App.–San Antonio 2000, pet. denied) ("A fundamental rule of statutory construction is that a court should first ascertain the Legislature's intent in enacting the statute as expressed in its plain language.").

Subdivision 37.007(a)(3) requires mandatory expulsion for the *conduct* specified in subparts 37.006(a)(2)(C) or (D), provided the *conduct* described is a felony. Some of the acts listed in subparts (C) and (D) are felonies, and some are misdemeanors. The issue, however, is whether, by referring to section 37.006, subdivision 37.007(a)(3) incorporates activities occurring within 300 feet of school property. It clearly does not, for two reasons. First, subdivision 37.007(a)(3) refers to *conduct* rather than to geographical location. "Conduct," in the referenced context, refers to a "manner of conducting oneself or one's life; behaviour." III OXFORD ENGLISH DICTIONARY 690 (2d ed. 1989). The "conduct" referred to consists of, on the one hand, selling, giving, or delivering to another person, or possessing or using, marihuana or other such substances; and on the other, selling, giving, or delivering to another person an alcoholic beverage, committing a serious offense under the influence of alcohol, or possessing, using, or being under the influence of an alcoholic beverage. Such *conduct* does not encompass the location where that conduct occurs.

Secondly, and most significantly, subdivision 37.007(a)(3) is a part of, and is circumscribed by, subsection 37.007(a). Subsection 37.007(a) limits mandatory expulsion to acts occurring "on school property or while attending a school-sponsored or school-related activity on or off of school property." It does not comprehend acts that occur merely "within 300 feet of school property." Thus, we answer your question in the negative. A school district is not required to expel a student whose conduct (1) constitutes a felony; (2) would require removal under subparts 37.006(a)(2)(C) or (D); (3) *does not* occur on school property or while attending a school-sponsored or school-related activity on or off of school property; and (4) *does* occur within 300 feet of school property as defined in subdivision 37.006(a)(2).

We note that section 37.019 of the Education Code may provide a means of expulsion in emergency situations not contemplated by section 37.007. That provision permits a school district to expel a student immediately "if the principal or the principal's designee reasonably believes that

action is necessary to protect persons or property from imminent harm." TEX. EDUC. CODE ANN. § 37.019(B) (Vernon Supp. 2002). Section 37.019 specifies neither the type of conduct necessary to initiate an immediate expulsion, nor does it limit its geographical scope. Rather, all that is required is a reasonable belief that expulsion is "necessary to protect persons or property from imminent harm."

## S U M M A R Y

A school district is not required to expel a student whose conduct: (1) constitutes a felony; (2) would require removal under section 37.006(a)(2)(C) or (D) of the Education Code; (3) *does not* occur on school property or while attending a school-sponsored or school-related activity on or off of school property; and (4) *does* occur within 300 feet of school property as defined in section 37.006(a)(2).

Very truly yours,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee