IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,822-01






EX PARTE GEORGE WALLACE HARPER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-9-7505 IN THE 24TH DISTRICT COURT


FROM JACKSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
cocaine less than one gram and sentenced to ten years' imprisonment. He did not appeal his
conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
investigate the applicable punishment range and advised Applicant he was facing punishment as a
habitual offender when the greatest punishment Applicant faced was 2-20 years under Section
12.42(a)(2) of the Texas Penal Code. State v. Webb, 12 S.W.3d 808 (Tex. Crim. App. 2000).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000); State v.
Webb, 12 S.W.3d 808 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel with
the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to what range of punishment Applicant could have been
exposed to given all of his prior offenses. The trial court shall make findings as to what punishment
range counsel advised Applicant he was facing and what punishment admonishments the trial court
gave to Applicant. The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 29, 2009

Do not publish