

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,206

### EX PARTE GEORGE WALLACE HARPER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-9-7505 IN THE 24TH DISTRICT COURT
### FROM JACKSON COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance by failing to properly investigate the punishment range and incorrectly advising Applicant that he may be facing a habitual range of punishment. We remanded this application to the trial court for findings of fact and conclusions of law.

Both trial counsel and the prosecuting attorney filed affidavits with the trial court. Both attorneys indicated that they believed Applicant could be facing habitual punishment for this state jail offense. However this offense could only be enhanced to second degree felony punishment range. *State v. Webb,* 12 S.W.3d 808 (Tex. Crim. App. 2000).

After reviewing the entire record, this Court has determined that trial counsel was ineffective in that counsel failed to properly investigate the punishment range and the law regarding the enhancement of state jail offenses and that such ineffective representation prejudiced Applicant. Applicant is entitled to relief. *Id.; Strickland v. Washington*, 466 U.S. 608 (1984).

Relief is granted. The judgment in Cause No. 06-09-7505 in the 24th Judicial District Court of Jackson County is set aside, and Applicant is remanded to the custody of the sheriff of Jackson County to answer the charges as set out in the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 2, 2009
Do Not Publish