

# In The
# Court of Appeal
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00035-CR

---

BRADY ALLAN GOSS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28630

---

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

A Lamar County jury convicted Brady Allan Goss of (1) possession of less than a gram of a Penalty Group 1 controlled substance[1] and (2) online solicitation of a minor.[2]  After prior convictions were proved, Goss was sentenced to ninety-nine years' imprisonment on each count, and the sentences were ordered to run concurrently.

On appeal, Goss only challenges the punishment range applied to him for the state jail felony conviction of possession of less than one gram of a controlled substance.  Because we find that (1) the punishment range of twenty-five to ninety-nine years or life was available due to the evidence of prior convictions, and (2) the punishment range was properly included in the jury's verdict form, we overrule both points of error and affirm the trial court's judgments.

## I.      Background

At trial,[3] the State proved that, on or around November 18, 2019, Goss possessed less than a gram of methamphetamine, which is a Penalty Group 1 controlled substance.[4]  The State presented evidence that Goss had previously been convicted of indecency with a child.[5]  This subjected the possession conviction to the punishment range of a third-degree felony.[6]  Goss also

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.).

[2]*See* TEX. PENAL CODE ANN. § 33.021 (Supp.).

[3]In the same trial, Goss was acquitted of count one, which alleged evading arrest or detention with a motor vehicle (with a prior conviction for same), and count three, another state jail felony allegation of possession of a controlled substance.

[4]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Supp.).

[5]*See* TEX. PENAL CODE ANN. § 21.11.

[6]*See* TEX. PENAL CODE ANN. § 12.35(c).

pled true to two other prior convictions, exposing him to the enhanced punishment range of twenty-five to ninety-nine years or life.[7]

## II. State Jail Felony Punishments

Section 12.35 of the Texas Penal Code governs the sentencing for one convicted of a state jail felony. Punishment for a state jail felony is limited to not less than 180 days and not more than two years' incarceration. *See* TEX. PENAL CODE ANN. § 12.35(a). If, however, it is shown that a deadly weapon was used or exhibited during the commission of the state jail felony or that the accused previously had been convicted of certain enumerated offenses, on conviction the accused is subject to the punishment range of a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.35(c).[8] Such a conviction is referred to as an aggravated state jail felony conviction. *See State v. Kahookele*, No. PD-0617-20, 2021 WL 5917232, at *2 (Tex. Crim. App. Dec. 15, 2021); *State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000).

An aggravated state jail felony may subject a convicted defendant to an enhanced range of punishment for habitual offenders. Where a defendant is convicted of an aggravated state jail felony and the State proves that the defendant has previously been convicted of two prior, sequential felonies, exclusive of non-aggravated state jail felonies, the punishment range is enhanced to not less than twenty-five years and not more that ninety-nine years or life imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(d); *Kahookele*, 2021 WL 5917232, at *2.

---

[7]*See* TEX. PENAL CODE ANN. § 12.42(d).

[8]These enumerated offenses are commonly referred to as "3g" offenses and include crimes such as trafficking/continuous trafficking of persons, indecency with a child, murder or capital murder, sexual and aggravated sexual assault, continuous sexual assault of child, and aggravated kidnapping, *inter alia*. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054 (Supp.).

But if it is shown on conviction for an aggravated state jail felony that the defendant has one prior felony conviction, exclusive of a non-aggravated state jail felony conviction, then the defendant is subject to the punishment range of a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.425(c).

### III.  Punishment Range of Twenty-Five to Ninety-Nine Years or Life Properly Available[9]

In his first point of error, Goss complains that the ninety-nine-year sentence for the state jail felony of possession of less than one gram of methamphetamine is outside the available range of punishment. Upon review of the law and evidence, we reject Goss's argument.

After the jury returned its guilty verdicts, the State read various enhancing allegations: two distinct prior convictions for indecency with a child and a prior conviction for failure to register as a sex offender.[10] Goss pled true to all three prior convictions. The State also admitted judgments proving all three prior convictions.

The first prior conviction for indecency with a child subjected Goss's state jail felony possession conviction to the punishment range of a third-degree felony because it was classified as an aggravated state jail felony. *See* TEX. PENAL CODE ANN. § 12.35(c). The conviction for failure to register as a sex offender,[11] which occurred after the second indecency with a child

---

[9]The State argues that Goss waived his complaint by not objecting to the indictment at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b). There is no requirement that enhancement allegations be included in the indictment. *See Brooks v. State*, 957 S.W.2d 30, 32 (Tex. Crim. App. 1997). The State does not identify which defect in the indictment required Goss to object. As a result, we address the merits of his argument.

[10]Specifically, the State alleged convictions for indecency with a child in counts two and three, cause number 23010, in the Sixth Judicial District Court of Lamar County on February 24, 2009, and a conviction on April 2, 2015, in the same court under cause number 25873, for failure to comply with a convicted sex offender's duty to register.

[11]The record established that the prior conviction for failure to register was a second-degree felony.

conviction was final, enhanced Goss's punishment range to twenty-five to ninety-nine years or life under Section 12.42(d) of the Texas Penal Code.

Initially, Goss argued on appeal that while the first indecency with a child conviction subjected him to the punishment range of a third-degree felony pursuant to Section 12.35(c) of the Texas Penal Code, the State could only then enhance his punishment to a second-degree felony because of Section 12.425(c) of the Texas Penal Code. Under that statute, an aggravated state jail felony's punishment range is raised to that of a second-degree felony upon proof of one prior felony conviction other than one punishable under Penal Code § 12.35(a) (i.e., a non-aggravated state jail felony). *See* TEX. PENAL CODE ANN. § 12.425(c).

Goss concedes, though, that a Texas Court of Criminal Appeals opinion, published after his appeal was filed, rendered that argument moot. In December 2021, the Texas Court of Criminal Appeals issued its opinion in *Kahookele*, 2021 WL 5917232. Kahookele, like Goss, was convicted of an aggravated state jail felony. The prosecution then proved two prior, sequential felony convictions, which enhanced the punishment range to twenty-five to ninety-nine years or life. S*ee Kahookele*, 2021 WL 5917232, at *4–5.

### a. Caption of the Indictment Did Not Limit Enhancement

Next, Goss points to the indictment's caption, where the State cited Section 12.425(c) of the Texas Penal Code right after the statute for the offense of possession (Health and Safety Code § 481.115) and aggravated state jail felony offense (Texas Penal Code § 12.35(c)). Goss argues that, by citing Section 12.425(c), the State was limited to that statute's enhancement range, i.e., that of a second-degree felony. Goss, however, provides no authority for his

argument. Generally, "indictment captions are not considered part of the charging instrument." *Lennox v. State*, 613 S.W.3d 597, 605 n.7 (Tex. App.—Texarkana 2020, pet. granted); *Adams v. State*, 222 S.W.3d 37, 53 (Tex. App.—Austin 2005, pet. ref'd). Further, none of the requisites of an indictment require the State to identify specific statutory references. *See* TEX. CODE CRIM. PROC. ANN. art. 21.02.[12] As a result, the indictment's caption did not limit the State's ability to pursue enhanced punishment.

### b. No Confusion About Enhancement Application

At oral argument, Goss also suggested that the record demonstrated confusion among the parties and the trial court about the level of punishment enhancements the State would pursue. He refers to a discussion before voir dire where the trial court referred to the first three counts, all of which were state jail felonies. The trial court noted that each of those counts included "habitual offender enhancements" in the indictment. The trial court stated that those state jail felonies would be subject to the punishment range of a second-degree felony. The State then corrected the trial court:

> [T]he State has alleged in each of the three state jail offenses a prior conviction for an aggravated offense which would render the state jails punishable under [Penal Code §] 12.35(c). They are then functionally identical to a third degree felony, are subject to enhancement to the [twenty-five] to life range.

When asked if he agreed with the State's position, Goss answered that he had discussed the matter with the State's attorney, who had "sent [defense counsel] a case [a] while back." From the context, that most likely was a reference to the Austin Court of Appeals' opinion in

---

[12]Goss does not claim, on appeal, that he did not receive notice of the State's intent to seek an enhanced punishment range or that he was in any way surprised by evidence used to enhance his range of punishment. Likewise, he made no such complaints or objections to the trial court.

*Kahookele*, which at that moment was pending discretionary review at the Texas Court of Criminal Appeals.[13] *See State v. Kahookele*, 604 S.W.3d 200 (Tex. App.—Austin 2020), *aff'd* 2021 WL 5917232, at *2.

At no point during this discussion, or elsewhere in the trial record, did Goss object to the State's pursuit of the twenty-five to ninety-nine years or life punishment range. Goss did not express shock or surprise at that strategy. Goss also never claimed a lack of notice that he faced the highest sentencing range available. For those reasons, we do not read the above exchange as demonstrating confusion about the enhancement issue on the part of the parties or the trial court. Goss may not have agreed with the State or the Austin court's holding in *Kahookele*, but we find nothing in the record to suggest that he was confused about the range of punishment to which he was subject or that the trial court was confused about the matter.[14]

## IV.   No Error in the Charge's Verdict Form

In his second point of error, Goss complains that the verdict form in the trial court's charge to the jury should have limited consideration to the punishment range of a second-degree felony. For the reasons explained above, the enhanced punishment range of twenty-five to ninety-nine years or life was supported by the evidence of prior convictions. Thus, there was no

---

[13]Goss's trial was held in April 2021. The Texas Court of Criminal Appeals granted review for *Kahookele* on October 28, 2020.

[14]The State argues that the above exchange demonstrates that Goss acquiesced in the State's pursuit of the twenty-five to ninety-nine years or life punishment range. Rather, we read this exchange as Goss acknowledging "the current state" of the law regarding *Kahookele*'s posture at the time of trial, but not expressly agreeing that the higher enhancement range was appropriate.

error in the verdict form allowing for such a punishment range. We, therefore, overrule the second point of error.[15]

The trial court's judgments are affirmed.

Scott E. Stevens
Justice

Date Submitted:     February 2, 2022
Date Decided:       March 7, 2022

Do Not Publish

---

[15]In his brief, Goss also raised a third point of error, alleging that the State used one prior conviction for indecency with a child to both aggravate the state jail felony conviction for possession and also as one of the two sequential prior convictions necessary to enhance the range of punishment to twenty-five to ninety-nine years or life. That said, in his reply brief, Goss acknowledged that there were in fact two distinct prior convictions for indecency with a child. On the same date, February 24, 2009, the Sixth Judicial District Court of Lamar County entered judgments for counts two and three in cause number 23010, both for the offense of indecency with a child.