

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### Nos. WR-82,581-02 & WR-82,581-03

### EX PARTE DARRELL W. DAVIS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. C-4-W012195-1265894-B & C-4-W012191-1262850-A
### IN THE CRIMINAL DISTRICT COURT NO. 4
### TARRANT COUNTY

SLAUGHTER, J., filed a dissenting opinion in which RICHARDSON, J., joined. YEARY, J., joined Part V only.

### DISSENTING OPINION

The Texas Legislature has made clear through its enactment of various punishment-enhancement statutes that repeat felons should face enhanced penalties—either by raising the punishment level and/or by increasing the level of offense. Yet, the Court's interpretation of how multiple convictions of state-jail felonies should be treated, especially when combined with additional higher-level felony convictions, runs contrary to this

scheme, and more importantly runs contrary to the plain and unambiguous language of the applicable statutes. The interpretation advanced by the Court allows criminal defendants to commit unlimited state-jail felonies without facing anything more than a maximum 10-year prison sentence. This clearly flies in the face of the Legislature's intent to more harshly punish repeat offenders and deter such criminal behavior.

## I.       Summary

In this case, Applicant pled guilty to two third-degree felonies: (1) evading arrest or detention in a vehicle; and (2) unlawful possession of a firearm by a felon. Before committing these two offenses, Applicant already had convictions for the second-degree felony of possession of a controlled substance in the amount of 4 to 200 grams, and three state-jail felonies, the third of which had been statutorily enhanced to a third-degree felony. Despite Applicant's multiple felony convictions, the Court grants Applicant relief under the theory that his punishment for the instant two felonies was improperly enhanced to that of a habitual offender pursuant to Penal Code Section 12.42(d). *See* TEX. PENAL CODE § 12.42(d).[1] In reaching this conclusion, the Court accepts Applicant's argument that one of the two prior convictions used to establish his habitual-offender status was a "non-

---

[1] The statute provides,

> (d) Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.

TEX. PENAL CODE § 12.42(d).

aggravated" state-jail felony, which he claims is categorically unavailable for enhancement purposes under Section 12.42(d). But in so holding, the Court fails to give effect to the plain language of the statutes at issue. While Section 12.42(d) precludes reliance on an ordinary state-jail felony conviction that is "*punishable* under Section 12.35(a)" to establish habitual-offender status, *see id.* (emphasis added), that excepting language is inapplicable here, given that the prior conviction at issue was enhanced to a third-degree felony.[2] It was therefore not "punishable" as an ordinary state-jail felony under Section 12.35(a), but must instead be treated as a third-degree felony for future enhancement purposes. As such, it falls outside the exception in Section 12.42(d). Rather than granting Applicant relief from his convictions in these cases as the Court does today,[3] I would hold that Applicant's prior enhanced state-jail felony conviction was not improperly used to enhance his punishment for the instant felony offenses to a habitual range. Therefore, I would deny relief. At the very least, I would file and set this case to conduct a full statutory analysis of the applicable Penal Code provisions.

---

[2] Applicant's prior state-jail felony conviction from 2004 was enhanced to a third-degree felony pursuant to former Penal Code Section 12.42(a)(1). *See* Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 1 (amended 2011, current version at TEX. PENAL CODE § 12.425) (providing that, "[i]f it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant *shall be punished for* a third-degree felony") (emphasis added). As discussed further below, in 2011, the Legislature moved this provision from Section 12.42 into a new standalone section, Penal Code Section 12.425, with minor revisions to the statutory text. *See* TEX. PENAL CODE § 12.425(a), entitled, "Penalties for Repeat and Habitual Felony Offenders on Trial for State Jail Felony" ("If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies *punishable under Section 12.35(a)*, on conviction the defendant shall be punished for a felony of the third degree.") (statutory amendment in italics).

[3] Because Applicant's instant convictions were obtained through a plea-bargain agreement, the Court grants relief by setting aside the convictions entirely, rather than simply awarding a new punishment hearing.

## II.     Factual Background

On May 7, 2012, pursuant to a plea bargain, Applicant pleaded guilty to the third-degree felony offenses of evading arrest or detention with a vehicle and unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE §§ 38.04(b)(2)(A), 46.04(e). Third-degree felonies are typically punishable by a term of imprisonment ranging from 2 to 10 years. *Id*. § 12.34(a). However, in Applicant's case, the State sought to enhance his range of punishment under the habitual-offender provision in Penal Code Section 12.42(d), which under some circumstances permits a punishment of 25 to 99 years or life imprisonment upon a showing that the defendant has "previously been finally convicted of two felony offenses[.]" *Id*. § 12.42(d).

The alleged prior felony convictions were: (1) a 2004 conviction for tampering with a governmental record with the intent to defraud or harm, which was a state-jail felony that, because of two other prior state-jail-felony convictions, had been enhanced to a third-degree felony,[4] and (2) a 2000 conviction for possession of a controlled substance in the amount of 4 to 200 grams, a second-degree felony.[5] With respect to the 2004 tampering conviction, the record reflects that Applicant pleaded guilty to that offense and pleaded true to both of the enhancements used to elevate that state-jail offense to a third-degree

---

[4] *See* TEX. PENAL CODE §§ 37.10(a), (c)(1) (defining state-jail felony offense of tampering with a governmental record with intent to defraud or harm); former 12.42(a)(1) (providing that defendant on trial for a non-aggravated state-jail felony punishable under Section 12.35(a) "shall be punished for a third-degree felony" if it is shown that he had two prior state-jail felony convictions). As indicated above in footnote 1, this statutory provision has since been recodified with minor amendments in current Penal Code Section 12.425.

[5] *See* TEX. HEALTH & SAFETY CODE § 481.115(d).

felony. For the instant offenses, Applicant pleaded true to the habitual-offender notice and signed a "judicial confession" stating, in part, that "all enhancement and habitual allegations set forth in the indictment are true and correct." Based on Applicant's plea of "true" to the enhancements and signing of the judicial confession, the trial court found that Applicant was a habitual offender and sentenced him to 30 years' imprisonment in each cause.

Ten years later, in September 2022, Applicant filed the present applications alleging that his sentences for these offenses are illegal as a result of an improper punishment enhancement. Specifically, relying on *dicta* in a footnote of this Court's opinion in *Samaripas v. State*, 454 S.W.3d 1 (Tex. Crim. App. 2014), he asserts that a 2011 legislative amendment to Penal Code Section 12.42(d) meant that non-aggravated state-jail felonies could no longer be used to support enhancement to habitual-offender status.[6] Therefore, he contends that his instant felony convictions were improperly enhanced through use of his 2004 tampering conviction. The State agrees that, pursuant to *Samaripas*, Applicant is entitled to relief. Thus, the habeas court recommends granting relief on that basis. This Court adopts that recommendation and grants Applicant an entirely new trial in both causes.

## III. Analysis

---

[6] Applicant waited eight years after this Court decided *Samaripas* to challenge his convictions, but neither the State nor the trial court addressed laches.

The Court relies upon conclusory *dicta* in a footnote from *Samaripas* to hold that an enhanced state-jail felony cannot be used to support habitual-offender status under Section 12.42(d). This is in clear conflict with the plain statutory language. Therefore, I oppose its decision to grant Applicant relief.

**A.      A plain reading of the applicable statutes supports use of Applicant's prior state-jail felony, enhanced to a third-degree felony, to establish habitual-offender status.**

At the time of Applicant's 2004 guilty plea for tampering, he also pled "true" to an enhancement allegation of two prior state-jail felony convictions. He did so with the understanding that by pleading true to these convictions, his tampering conviction would become a third-degree felony conviction. *See* former TEX. PENAL CODE § 12.42(a)(1), enacted by Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 1 (amended 2011, current version at TEX. PENAL CODE § 12.425) ("If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant *shall* be punished *for* a third-degree felony.") (emphasis added).   Thus, following entry of final judgment in the tampering case, that conviction was no longer a state-jail felony but by statute had been transformed into a third-degree felony. Accordingly, it was no longer *punishable* under the ordinary state-jail sentencing provisions in Section 12.35(a). Because it was no longer *punishable* under Section 12.35(a), the tampering conviction was available to be used to enhance the punishment of any of Applicant's future felony convictions under Section 12.42(d).

The pertinent language in Penal Code Section 12.42(d) governing enhancement to habitual-offender status provides as follows:

[I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. **A previous conviction for a state jail felony *punishable* under section 12.35(a) may not be used for enhancement purposes under this subsection.**

TEX. PENAL CODE § 12.42(d) (emphasis added). Under the express statutory terms, all prior felony convictions are allowed to be used to enhance any future felony punishment, unless the prior conviction is "for a state jail felony punishable under section 12.35(a)." *Id.* (emphasis added).

This necessarily raises the question—what exactly constitutes a "state jail felony *punishable* under section 12.35(a)"? Section 12.35(a) provides:

Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony *shall* be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

TEX. PENAL CODE § 12.35(a) (emphasis added).

Subsection (c) then sets forth several circumstances in which a state-jail felony conviction must be treated as a third-degree felony conviction, such as use or exhibition of a deadly weapon or where the defendant has a prior conviction for a specified serious offense.[7] *Id.* § 12.35(c). Thus, whereas Subsection (a) sets forth the punishment scheme

---

[7] Subsection (c) provides,

(c) An individual adjudged guilty of a state jail felony *shall be punished **for** a third degree felony* if it is shown on the trial of the offense that:

for ordinary state-jail felonies, Subsection (c) provides that state-jail felonies are treated as third-degree felonies in some aggravated circumstances. *See State v. Kahookele*, 640 S.W.3d 221, 223 (Tex. Crim. App. 2021) (discussing differences between various types of state-jail-felony punishments, including "ordinary" state-jail felonies under Section 12.35(a) and "aggravated" state-jail felonies under 12.35(c)).[8] Because offenses punishable under Section 12.35(c) are not expressly exempted from availability for enhancement purposes under Section 12.42(d), they may be used to support habitual-offender status. Thus, pursuant to the plain language of Sections 12.42(d) and 12.35, the only prior felony convictions that *cannot* be used to enhance a felony punishment to a habitual range are those that are **both**: (1) *a **state jail felony*** punishable under Section 12.35(a), and (2) subject to mandatory punishment under that provision (e.g., they "***shall*** be punished") with confinement in the state jail for 180 days to two years. Any other felony convictions

---

(1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

    (A) under Section 20A.03 or 21.02 or listed in Article 42A.054(a), Code of Criminal Procedure; or

    (B) for which the judgment contains an affirmative finding under Article 42A.054(c) or (d), Code of Criminal Procedure.

TEX. PENAL CODE § 12.35(c).

[8] Notably, the statutory language in Subsection (c) provides that a defendant found guilty of an aggravated state-jail felony shall be punished "for" a third-degree felony. It does not state that the offense should be punished "as" a third-degree felony. Thus, an offense falling under Section 12.35(c) must be treated for all purposes as a third-degree felony and not as a state-jail felony. I also note here that only ordinary state-jail felonies "punishable" under Section 12.35(a) are expressly excepted from availability to establish habitual offender status under Section 12.42(d). This means the Legislature plainly contemplated that aggravated state-jail felonies enhanced to third-degree status under Section 12.35(c) would be available for enhancement under Section 12.42(d).

(including state-jail felonies punished as third-degree felonies under Section 12.35(c)) may be used for enhancement under Section 12.42(d).

As discussed above, however, there is yet another provision in the Penal Code governing enhancement of state-jail punishments, and it is under this separate provision that Applicant was punished for his 2004 tampering conviction. Former Penal Code Section 12.42(a)(1) provided:

> (a)(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant **shall be punished for** a third-degree felony.

*See* former TEX. PENAL CODE § 12.42(a)(1), enacted by Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 1 (amended 2011, current version at TEX. PENAL CODE § 12.425) (emphasis added).[9] From the plain statutory language, it is clear that an offense punished under this

---

[9] The remaining subsections in former Penal Code Section 12.42(a) provided for enhanced punishment under two additional circumstances not at issue here: (1) where a defendant on trial for a state-jail felony punishable under Section 12.35(a) had been previously convicted of any two felonies, and the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant "shall be punished for a second-degree felony;" and (2) where a defendant on trial for an aggravated state-jail felony under Section 12.35(c) or a third-degree felony had been once previously convicted of any felony, on conviction he "shall be punished for a second-degree felony." *See* former TEX. PENAL CODE § 12.42(a), provisions originally enacted by Act of June 7, 1995, 74th Leg., R.S., Ch. 318 § 1.

I also note here that, in 2011, the Legislature amended Section 12.42 and moved the provisions addressing enhanced state-jail punishments from Subsection (a) into a standalone statute, Penal Code Section 12.425. Additionally, the Legislature slightly modified the language of each subsection, such that the statute now provides:

> (a) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies *punishable under Section 12.35(a)*, on conviction the defendant shall be punished for a felony of the third degree.

> (b) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies *other than a state jail*

provision is not a state-jail felony "punishable under Section 12.35(a)." Like Section 12.35(c), the provision uses mandatory language—upon a showing of the requisite two prior state-jail-felony convictions, the trial court "shall" sentence the defendant for a third-degree felony—and it further states that the defendant shall be punished *for* a third-degree felony and not that the offense shall be punished "as" a third-degree felony. Thus, a defendant sentenced under this enhancement provision has not committed an offense "punishable" under the ordinary state-jail sentencing provision in Section 12.35(a), which carries a possible range of confinement of 180 days to 2 years in a state jail. Instead, he is subject to mandatory punishment "*for* a third-degree felony," with a possible range of punishment from 2 to 10 years in prison. Because the habitual-offender provision in Section 12.42(d) exempts only *state-jail* felonies "*punishable* under section 12.35(a)" from availability for enhancement purposes, *see id.* § 12.42(d), this exception plainly does not apply to enhanced state-jail convictions that were both punishable (and actually punished) under former Section 12.42(a)(1) as third-degree felonies. Accordingly, under the plain statutory language, a prior state-jail felony conviction that was enhanced to a third-degree

---

*felony punishable under Section 12.35(a)*, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

(c) If it is shown on the trial of a state jail felony for which punishment may be enhanced under Section 12.35(c) that the defendant has previously been finally convicted of a felony *other than a state jail felony punishable under Section 12.35(a)*, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE § 12.425 (amended language in italics).

felony through prior state-jail convictions remains available for enhancement purposes under Section 12.42(d).

> **B.      The Court should not rely upon *Samaripas'* flawed footnote *dicta*.**

The Court's decision in this case relies on unsupported assertions and conclusory *dicta* in a footnote from its prior decision in *Samaripas*, 454 S.W.3d 1. Because this footnote in *Samaripas* was based on faulty reasoning, it should not be relied upon to hold that Applicant's sentences here are illegal. At the very least, the Court should revisit this issue and conduct a more thorough analysis in light of the plain and unambiguous language of the applicable statutes.

In *Samaripas*, the Court considered the same question under consideration here with respect to whether a prior enhanced state-jail-felony conviction could be used to establish habitual-offender status under Penal Code Section 12.42(d).[10] But there, the Court was considering a prior version of Section 12.42, which contained different wording. That version provided that "[a] previous conviction for a state jail felony ***punished*** under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d)." TEX. PENAL CODE § 12.42(e) (West 2009). In challenging the propriety of his

---

[10] In *Samaripas*, the defendant was convicted of engaging in organized criminal activity, which was a second-degree felony. 454 S.W.3d at 6. The defendant's punishment was then enhanced to habitual-offender status under Section 12.42(d) based on the commission of two prior felonies; however, one of the prior felonies alleged was a state-jail felony that had itself been enhanced to a second-degree felony under former Section 12.42(a). *Id.* On appeal, the defendant challenged use of the enhanced state-jail felony for enhancement under Section 12.42(d), arguing that, although the prior state-jail felony had been enhanced to a second-degree felony, the enhancement did not raise the level of offense but instead affected only the range of punishment. *Id.* at 7. Thus, although the Court was considering a different version of Section 12.42 in *Samaripas*, the core issue was the same as in this case—whether a prior state-jail felony conviction that was enhanced to an ordinary felony could be used to support habitual offender status under Section 12.42(d).

enhancement to habitual-offender status under this provision, Samaripas had argued that, "although the punishment for [his prior state-jail] offense had been enhanced, that did not enhance the level of the underlying offense and, therefore, it should be excluded from use for punishment enhancement of his current offense." 454 S.W.3d at 7. Without examining the pertinent statutory language, the Court initially agreed with Samaripas that the prior enhancement of his state-jail felony had not increased the actual level of the offense but instead increased only the range of punishment. *Id.* But the Court ultimately went on to reject Samaripas's position that his enhancement to habitual-offender status was improper under these circumstances. The Court observed that, under the former version of Section 12.42 applicable to Samaripas's case, an enhanced state-jail felony conviction *could* be used to establish habitual-offender status under Section 12.42(d) because the enhanced state-jail felony was not literally "*punished* under" the ordinary state-jail sentencing provision in Section 12.35(a). *Id.* at 7–8. Thus, because Samaripas's prior state-jail felony was not "punished under" Section 12.35(a) but was instead punished under the enhancement provision in 12.42(a), the Court upheld his enhanced punishment as a habitual-offender. *Id.* at 8 ("Here, Appellant was not punished under Section 12.35(a). His prior state-jail felony had been enhanced, and he was punished for that offense under [former] Section 12.42(a)(2). Therefore, the prior offense was properly used for enhancement purposes, and the court of appeals did not err in overruling this issue.").

But then, in *dicta* (and in a footnote, no less), the Court inexplicably went on to address the meaning of the current statutory language, which the Legislature had amended in 2011, and which was inapplicable to Samaripas's case. *See* Act of May 25, 2011, 82nd

Leg., R.S., ch. 834 §§ 4, 6, 2011 Tex. Gen. Laws 834. As noted above, the current statutory language, by contrast, prohibits use of a state-jail felony "***punishable*** under section 12.35(a)" for enhancement purposes under Section 12.42(d). *Samaripas,* 454 S.W.3d at 8, n. 5. Addressing this amended language, the Court summarily concluded as follows:

> Under this language, a state-jail felony, even if it has been enhanced, cannot be used to enhance a subsequent felony offense. The distinction between the former "punished under Section 12.35(a)" language and the current "punishable under Section 12.35(a)" is significant here because Appellant was not punished under Section 12.35(a) but his prior offense was *punishable* under that section. Had he committed the current offense after this amendment, it would not have been proper for his prior state-jail felony to be used for enhancement.

*Id.*

From the foregoing discussion, the flaws in the Court's *Samaripas* decision are readily apparent. First, the Court's determination that an enhancement of a state-jail felony does not alter the level of the offense but instead affects only punishment was conclusory and lacking in statutory analysis. In fact, the court did not even examine the enhancing provision in Section 12.42(a), and instead discussed unrelated enhancement provisions in the context of violations of sex-offender-registration requirements. *Id.* at 7.

Second, the portion of *Samaripas* which examined the statutory amendments to Section 12.42(d) amounted to an advisory opinion because no one had challenged the language under the statutory amendments, and these amendments were wholly inapplicable to Samaripas's case. Further, without engaging in any meaningful analysis of the amended statutory language, the Court summarily concluded that the change from the phrase "punished under Section 12.35(a)" to "punishable under Section 12.35(a)" was significant and completely changed the meaning of the statutory language to preclude use of enhanced

state-jail convictions for enhancement under Section 12.42(d). This conclusion is highly suspect in the absence of a thorough examination of the statutory terms and/or any consideration of the related provisions in Chapter 12 governing state-jail enhancements. The Court's statements seemed to indicate that the amended language excepting all offenses "*punishable* under Section 12.35(a)" *plainly* prohibited use of an enhanced state-jail conviction for enhancement under Section 12.42(d). Given the statutory language, such a conclusion was wholly unreasonable. The only additional factor the Court took into consideration (albeit, in passing and also in a footnote), is that the bill analysis for the statutory amendment showed that it was intended to "'clarify the meaning [of the repeat and habitual felony offender] provisions and to specify that the felonies do not include state jail offenses that are not aggravated. H.B. 3384 seeks to remain true to the intent of the legislature when it created the lower-level category of state felony offenses and to retain the special treatment given to state jail offenses punishable as aggravated state jail felonies." *Id.* at 8 n. 4 (quoting Bill Analysis for HB 3384, Act of May 25, 2011, 82nd Leg., R.S., ch. 834 (2011)). But, in the same breath, the Court noted that the statutory amendment was characterized as "nonsubstantive." *Id.* Thus, if the statutory amendment was truly nonsubstantive, the Court's conclusion finding that the amendment plainly changed the statute's meaning in a way that would lead to a completely different result was odd, to say the least.

In sum, the Court's decision in *Samaripas* was unsupported by adequate reasoning and was mere *dicta* contained in a footnote. I cannot agree with the Court's decision to rely on *Samaripas* as a basis for granting Applicant relief under these circumstances.

### C.     *Webb* is also inapplicable.

Recognizing that the Court's statements in *Samaripas* were *dicta*, the concurring opinion suggests that the Court's decision to grant relief in this case is also supported by its prior decision in *State v. Webb,* 12 S.W.3d 808 (Tex. Crim. App. 2000). However, *Webb* does not resolve the issue before us and Applicant is not entitled to relief on this alternative basis.

*Webb* addressed a related but clearly distinguishable issue. There, the State had sought to doubly enhance Webb's punishment for a state-jail felony conviction *in the same proceeding*—first, by alleging two prior sequential felony convictions to achieve a second-degree range, and then, in a second paragraph, by alleging two additional prior sequential felonies to achieve habitual-offender status under Section 12.42(d). *Id.* at 809. In other words, the State had sought to go all the way from a state-jail felony to a habitual range in a single proceeding. In asserting that habitual punishment was proper there, the State contended that the phrase "punishable under" as used in the first part of Section 12.42(d) (". . . if it is shown on the trial of a felony offense *other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses . . . .") referred to the specific provision under which the defendant was sentenced for an offense, not the punishment range applicable to the offense for which he was tried. The Court rejected this argument and held the enhancement improper. *Id.* at 811. It reasoned that such an interpretation "isolates the words 'punishable under' from their context and fails to differentiate between an enhanced offense and an enhanced punishment." *Id.* Viewing the terms in the context of the complete statutory phrase, the

Court noted that "Section 12.42(d) refers specifically to '*the trial of a felony offense other than a state jail felony* punishable under Section 12.35(a).'" *Id.* (emphasis in original). "Thus, the enhancement is applied with reference *to the offense tried." Id.* It was on this discrete basis that the Court held that, *on the trial of* a non-aggravated state-jail felony, Webb's punishment could not be enhanced to a habitual range. *Id.* ("Regardless of the enhancement, appellee was tried for a state jail felony punishable under § 12.35(a); that his punishment, as opposed to the offense itself, was then subject to enhancement does not change that fact. As such, § 12.42(d) is not applicable to appellee.").

The distinguishing characteristics of *Webb* mean that its analysis does not settle the issue before us here. The Court in *Webb* was construing the portion of Section 12.42(d) that defines what type of primary offense may be enhanced to a habitual range: "*[I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a)* that the defendant has previously been finally convicted of two felony offenses . . . ." That language is not at issue here because there is no question that Applicant's primary offenses, both of which were third-degree felonies, were appropriate for enhancement under Section 12.42(d). Instead, the question in this case centers on the latter portion of Section 12.42(d), defining what types of *prior* convictions may be used to enhance to habitual status—"A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection." TEX. PENAL CODE § 12.42(d). While the phrase "punishable under Section 12.35(a)" appears in both portions of the statute, the Court's analysis in *Webb* made clear that it was the surrounding language referencing the "*trial of a felony offense"* that was key to its conclusion there.

That is because Webb was on *trial* for a state-jail felony; he was not only being enhanced with a prior state-jail felony. Therefore, Section 12.42(d) clearly precluded elevating such an offense to a habitual range, and this was true regardless of whether the state-jail felony was subsequently enhanced.

By contrast, the latter portion of Section 12.42(d) which is at issue here contains no such language referencing the offense tried. Thus, this aspect of the Court's analysis in *Webb* is plainly inapplicable. The only pertinent question here is whether Applicant's *prior* state-jail felony, enhanced to a third-degree felony through a final judgment, was a state-jail felony "punishable under Section 12.35(a)" for purposes of the exception in Section 12.42(d). In short, the situation here is vastly different from the "double dipping" that was attempted in *Webb* and that decision addressed a different portion of Section 12.42(d). Therefore, *Webb* is inapplicable.

To the extent the concurring opinion relies upon the conclusory statements in *Webb* wherein the Court suggested that enhancements of state-jail felonies affect only the range of punishment and not the level of the offense, *see Webb*, 12 S.W.3d at 811, such statements suffer from the same flawed analysis as in *Samaripas*. Both opinions have little analysis of this issue and are not persuasive on this point. Specifically, the Court in *Webb* did not address the particular statutory language in Section 12.42(a), mandating that a defendant convicted of a state-jail felony with prior state-jail convictions "shall" be punished "for" a felony offense. *See* former Section 12.42(a), discussed *supra* n.1. It is this language that the Court has repeatedly overlooked in construing the applicable statutes. Given this flaw in *Webb*'s analysis, the Court should not rely on it to grant Applicant relief here.

**IV.     Conclusion**

Pursuant to the plain terms in former Section 12.42(a)(1), Applicant was subject to mandatory punishment "*for* a third-degree felony" upon his 2004 conviction for the state-jail-felony offense of tampering with a governmental record with the intent to defraud or harm, coupled with a showing (and his plea of "true") that he had been previously convicted of two state-jail offenses. Thus, his tampering offense was never "punishable under" the ordinary state-jail punishment provision in Section 12.35(a). Because the plain terms in Section 12.42(d) exempt only ordinary state-jail convictions punishable under Section 12.35(a) from enhancement eligibility to establish habitual-offender status, Applicant's conviction falls outside this statutory exception, and his tampering conviction remained available for enhancement purposes under 12.42(d). Accordingly, Applicant's convictions for the instant third-degree felony charges were properly enhanced to a habitual range, and his 30-year sentences were within the permissible range of punishment. Neither this Court's conclusory *dicta* in *Samaripas* nor its holding in *Webb* compels a different result. Finding that Applicant's sentences are not illegal, I would deny relief.

**V.     Alternative Conclusion**

In the alternative, I would file and set this case for a more thorough and definitive analysis of the relevant statutory provisions.

FILED: February 1, 2023

PUBLISH